## CONSUMERS' GAS CO. v. O'BANNON, Adm'r.

No. 11898—Opinion Filed Dec. 4, 1923.

1. **Negligence —Proximate Cause —Question for Jury.**

In an action for damages for personal injuries, the question whether the defendant's negligence was the proximate cause of injury is for the jury where the evidence conflicts; or where, although the evidence is not conflicting, men of ordinary intelligence might differ as to the effect of the issue.

2. **Master and Servant—Duties of Master —Safety of Work.**

The obligation of the master to the servant to provide a reasonably safe method for the performance of his work, and a reasonably safe place in which to perform his duties, are nondelegable, the neglect of which imposes liability for resulting injury.

3. **Same—Workmen's Compensation Law— Injuries Resulting in Death.**

The provisions of the Workmen's Compensation Act have no application to an action for injuries resulting in death.

4. **Appeal and Error — Review—Excessiveness of Damages.**

Where the measure of damages is submitted to the jury by the trial court upon proper instructions, this court will sparingly exercise the power of granting a new trial on account of excessive damages, and only when it appears that the verdict is so excessive as per se to indicate passion or prejudice.

(Syllabus by Dickson, C.)

Commissioners' Opinion. Division No. 4.

Error from District Court, Ottawa County: S. C. Fullerton, Judge.

Action by W. S. O'Bannon, as administrator, against the Consumers Gas Company, a corporation, for damages. Judgment for plaintiff. Defendant appeals. Affirmed.

Nesbitt & Nesbitt, H. O. Castor, Hayes McCoy, and Warren T. Spies, for plaintiff in error.

Herman Pufahl and D. H. Wilson, for defendant in error.

Opinion by DICKSON, C. The parties hereafter will be referred to as plaintiff and defendant as they appeared in the trial court.

The petition on which the case was tried was in two counts, the first count being for pain and suffering endured by the deceased, and the second count being for the benefit of the widow and two minor children of said deceased.

The case was tried on the 27th day of May, 1921, resulting in a verdict in favor of the plaintiff against the defendant on each count of the petition.

The plaintiff's petition alleges in substance that the defendant was a corporation organized under the laws of the state of Oklahoma, and engaged in the business of furnishing gas for fuel, lighting, and other purposes, in the city of Miami, Okla.; that the deceased was on the 25th day of October, 1918, in the employ of the defendant corporation as a gas fitter, and under the direction of the defendant's foreman was engaged in fixing a service pipe and installing fixtures in the basement of what is known as the Miami Trust & Savings Bank building in said city; that said service pipe was in the process of being connected with the main gas main of said defendant corporation, running north and south and parallel with said building and about five feet east of the east wall of said basement, and about two and one-half feet below the surface of the ground: that the method adopted by the defendant corporation in installing its gas in said basement rendered the place where said deceased was required to work dangerous, in that there was a trench dug from the east wall of said basement to the said main pipe line about two and one-half feet deep, that

an opening was then cut in the wall of said basement five or six inches in diameter, and that there was then an opening about three inches in diameter cut in said main, for the purpose of attaching the service pipe to the main pipe. That the defendant's main was opened without turning off the gas pressure, and that there was at the time a fire burning in the basement of said building, and that the deceased was required by the foreman to go into said basement and hold said service pipe in place while the same was being so attached to said main; that while this work was being performed the gas escaping from the opening in the main entered said basement, came in contact with the fire in said furnace and exploded; that the clothing of the deceased was thereby set on fire, and he received such burns upon and over the body that he died therefrom four days later. That the defendant was negligent in not furnishing the deceased a safe place to do the work required of him.

The evidence on the part of the plaintiff reasonably tends to support all of the averments of the petition, in fact it was conceded on the trial that the method adopted by the defendant company in installing its gas in this building was precisely as stated in the petition. The evidence further shows that at the time the explosion took place the deceased was at the place and performing the duties required of him by the foreman.

The defendant demurred to the evidence at the close of plaintiff's case, which being overruled, exception was reserved, and this ruling is assigned as error. No exceptions were taken on account of the introduction or exclusion of evidence nor was any exception taken to any of the instructions given to the jury.

As before stated the evidence of a number of witnesses reasonably tends to show that the accident occurred by reason of the gas escaping from the opening of the gas main within a few feet of the basement where the explosion took place directly in line with said opening in the wall of said basement. The evidence further shows that there was no attempt to close said opening in the wall of said basement, so as to prevent the gas escaping from blowing directly into said basement, and that the attention of the workmen on the outside of the building was called to the fact that the gas was blowing into the basement immediately before the explosion.

"The obligation of the master to the servant to provide a reasonably safe method for the performance of his work is one of the master's nondelegable duties, the neglect of which imposes a liability for resulting injury, irrespective of any fellow servant." Cosden Pipe Line Co. v. Berry, 87 Okla. 237, 210 Pac. 141.

The same doctrine is laid down in Thompson on Negligence, vol. 8, sec. 3874, as follows:

"The duty of the master to provide a reasonably safe place and to maintain it in a reasonably safe condition is an absolute obligation from which nothing but performance can relieve him."

"The master is liable for injury due to the concurring negligence of himself and a fellow servant, in cases where the injury would probably not have occurred but for the negligence of the master." Prickett v. Sulzberger & Sons, 57 Okla., 567, 157 Pac. 356.

"A master is liable to his servant for injuries resulting from the unsafe condition of his working place although that condition is brought about by the negligence of a fellow servant of the injured person acting under the master's orders." Northwestern Fuel Co. v. Danielson, 57 Fed. 915.

See, also, Anna Hough v. Texas Pac. Railroad Co., 25 L. Ed. 612 (100 U. S. 213).

We conclude that the evidence in this case presented a question of fact for the jury to decide as to whether the method adopted by the defendant corporation in installing its gas in said building was reasonably safe, and that inasmuch as said question was submitted to the jury under proper instruction the defendant is concluded by the verdict, and that the trial court did not err in overruling the demurrer to the evidence. The second assignment of error invokes the fellow servant rule and is necessarily disposed of by what has been said. The third assignment is to the effect that:

"Plaintiff cannot recover by reason of the Workmen's Compensation Act for pain and suffering occasioned by the injury of deceased."

This contention we believe is fully answered by section 7, art. 23, of the Constitution.

"The right of action to recover damages for injuries resulting in death shall never be abrogated, and the amount recoverable shall not be subject to any statutory limitation"

—and section 7338, Comp. St. 1921:

"It is not intended that any of the provisions of this act shall apply in cases of accidents resulting in death and no right of action for recovery of damages for injuries resulting in death is intended to be denied or affected."

Finally it is contended that the damages are excessive, and not justified by the evi-

dence. The verdict was for $3,750 on each count.

It appears from the evidence that the deceased suffered the most intense and excruciating pain for the four days he survived the injuries. Upon the other count there was some evidence tending to show that the deceased was an able-bodied man 60 years of age, that his expectancy was 14 years, and that he was a good provider for his family. There was some evidence on the part of the defendant, that the health of the deceased had been impaired, and that he had abandoned his family. It is conceded that he was a regular employe of the defendant and earned $3.50 per day.

The measure of damages was submitted to the jury on both counts in unobjectionable instructions, and we find nothing in the record that would warrant us in disturbing the verdict.

It is therefore recommended that the judgment appealed from be affirmed

By the Court: It is so ordered.