## HALEY et al. v. BOWMAN.

No. 17098—Opinion Filed Nov. 9, 1926.

Rehearing Denied Jan. 11, 1927.

**1. Negligence—Question for Jury.**

Negligence is the absence of care according to the circumstances of each case, and is always a question for the jury when there is a reasonable doubt as to the facts or as to the inferences to be drawn from them; that is, where reasonable men may differ as to the existence thereof.

**2. Same—Burden of Proof.**

Plaintiff, in a civil case, is not required to prove his case beyond a doubt. All that he is required to do is to make it appear to be more probable that the injury came in whole or in part from the defendant's negligence than from any other cause. This may be established by circumstantial evidence and the reasonable inference to be drawn therefrom, from which the jury may determine what was the proximate cause of the injury.

**3. Appeal and Error—Questions of Fact—Conclusiveness of Verdict.**

In a civil action triable to the jury, where there is competent evidence reasonably tending to support the verdict of the jury and no prejudicial errors of law are shown in the instructions of the court, or its ruling upon law questions presented during the trial, the verdict and finding of the jury will not be disturbed on appeal.

(Syllabus by Foster, C.)

Commissioners' Opinion, Division No. 5.

Error from District Court, Pawnee County; Edwin R. McNeill, Judge.

Action by James W. Bowman against P. R. Haley, B. A. Garber, and Clyde Pulse, partners doing business under the firm name of Haley, Garber & Pulse, to recover damages on account of injuries sustained in an automobile collision. Judgment for plaintiff, and defendants appeal. Affirmed.

West, Gibson, Sherman, Davidson & Hull, for plaintiffs in error.

L. V. Orton, for defendant in error.

Opinion by FOSTER, C. The defendant in error, James W. Bowman, as plaintiff, recovered a judgment in the district court of Pawnee county against the plaintiffs in error as defendants, for the sum of $1,320, as damages, alleged to have been sustained in an automobile collision at the intersection of Sixth and Elm streets in the city of Pawnee. Parties will be hereinafter designated as they appeared in the trial court. From this judgment and from an order overruling their motion for a new trial, the defendants appeal to this court for review, relying generally upon the proposition that the verdict was not sustained by the evidence and is contrary to law.

The specific acts of negligence charged by plaintiff against defendants are found in the 6th paragraph of his petition as follows:

"That the carelessness and negligence of the defendants and their servant was the proximate cause of the injury and their carelessness and negligence consisted in the driver of the truck turning the corner to the west on Elm street without giving any warning to the plaintiff of his intention to turn said corner, and their carelessness and negligence in permitting said bailer and pipe to project out from the end of the truck, and their carelessness and negligence in not having any warning sign at the end of projections, and the careless manner in which the driver of the truck turned the corner, and the general careless way in which the truck was operated, and the inexperience and general carelessness of the said driver."

The answer of the defendant was a general denial, and they further pleaded contributory negligence on the part of the plaintiff in that he was driving his car at an excessive rate of speed and without lights, as required by the ordinances of the city of Pawnee.

The accident occurred after dark on the evening of February 7, 1924, at the intersection of Sixth and Elm streets in the city of Pawnee. The plaintiff, driving a Ford car, was proceeding north on the east side of Sixth street, and the defendants' truck, driven by one of their employees, loaded with a bailer and iron pipe which projected some distance from the rear end of the truck, was

being driven south on the west side of Sixth street. The two vehicles, going in opposite directions, approached the intersection of Sixth and Elm streets at about the same time. At the intersection defendants' truck made a right turn for the purpose of entering Elm street and proceeding westward. In making the right turn to the west the defendants' truck was proceeding slowly on an upgrade. As the defendants' truck swung around to the right at this intersection to enter Elm street, the ends of the pipe, which projected from the rear end of the truck, struck plaintiff's Ford car, tearing the top therefrom, breaking the windshield, whereupon the plaintiff's car proceeded northward on Sixth street, a distance of a block or a block and a half, where it went over an embankment and capsized. The plaintiff was immediately found in the car in an unconscious or semiconscious condition; removed to a doctor's office, where it was found he had sustained severe and painful injuries about the body and face, consisting in the breaking of three or four ribs, bruises and cuts about the face and limbs. The truck in question was 19 feet long and the width of Sixth street at its intersection with Elm was 30 feet. Plaintiff was a blacksmith by trade, and the Ford car driven by him on the night of the accident was owned by Alvin Beshears. Defendants' truck was loaded with a bailer, pipe, and other drilling equipment, and the entire truck and its load weighed between 12,000 and 15,000 pounds.

The above facts were not disputed. Whether plaintiff's car had any lights on it; whether defendants' truck had a red light in the rear, or any red flag on the end of the projections on the truck; whether the broken glass from plaintiff's windshield was found in the center, or on the east side of the intersection of the street; and the exact distance the pipe and bailer on defendants' truck projected from the rear end of the truck; and the speed of plaintiff's car, were matters on which the evidence was more or less in conflict. There was no contention on the part of defendants. that they gave any signal before turning into Elm street by holding out the hand, or in any other manner aside from the claim that there was a red flag on the end of the projection. It is obvious from the foregoing that the plaintiff must have received his injury by being struck with the projecting pipe as the truck swung to the right from the intersection into Elm street.

The jury's verdict involved a finding, under the conflicting evidence before it, that the plaintiff received his injuries east of the center of Sixth street, without contributory negligence on his part, by reason of defendants' conduct in swinging the projections from the heavily loaded truck across some portion of the east half of Sixth street without giving the plaintiff any warning of their intention so to do.

We are not concerned with the question of whether the plaintiff did or did not have lights upon his car, or whether the pipe did or did not project any considerable distance east of the center line of Sixth street, for the jury has resolved these disputed questions in favor of the plaintiff. The question with which we are concerned is whether, in view of the findings of the jury in respect of the matters just referred to, and the further finding that no red flag had been placed upon the end of the projecting pipe, it would be justified in imputing negligence to the defendants by reason of their failure to give a warning of their intention to turn to the right into Elm street.

It is argued by the defendants in this connection that if a signal had been given in the usual way by defendants' driver holding out his hand, it could not have been seen by the plaintiff behind the bright glare of the lights upon the truck, and there could therefore exist no causal connection between the negligence charged and the injury sustained.

We think, however, that the duty of the defendants under the circumstances should not be circumscribed within such narrow limits. The defendants were operating a truck in the nighttime, heavily loaded with iron pipe, which projected as it turned into Elm street westward across that portion of the street in which the plaintiff had the right to travel unobstructed, and in these circumstances. in view of the blinding lights which the defendants' truck would necessarily cast before it, it would devolve upon the defendants to proceed with much caution, and if the ordinary signals could not be observed, it would be their duty to adopt a different signal suitable to the circumstances. There was evidence from which the jury could find that the driver of the truck saw or could have seen the plaintiff's car approaching, yet, notwithstanding this fact, he turned the truck and swung immediately in front of plaintiff, upon his side of the street, a projection which was not known to the plaintiff, and even if the defendants had put a red flag upon the end of the projection, it would probably have been unavailing as a warning under the circumstances in the ab-

sence of some warning given before making the turn capable of being heard or seen by approaching cars.

Negligence has been defined to be the absence of care according to the circumstances of each case, and is always a question for the jury when there is a reasonable doubt as to the facts, or as to the inferences to be drawn from them, that is, where reasonable men might differ as to the existence thereof. Marland Refining Co. v. Duffey, 94 Okla. 16, 220 Pac. 846.

In Consumers Gas Co. v. O'Bannon, 94 Okla. 107, 221 Pac. 423, it is said:

"In an action for damages for personal injuries the question of whether the defendant's negligence was the proximate cause of the injury is for the jury where the evidence conflicts, or where, although the evidence is not conflicting, men of ordinary intelligence might differ as to the effect of the issue."

In Rehthaler v. Crane Co., 218 Ill. App. 267, an action was brought by a pedestrian for personal injuries received as a result of a blow from iron pipes protruding from the rear end of a wagon as the wagon was turning at a street intersection. The pipe swung around and struck plaintiff. who had been unable to see the end of the pipe due to the fact that the wagon was driven toward her or opposite to the direction in which plaintiff was going. The court held that the question as to whether the injury was the result of the negligence of plaintiff or defendant. or of the combined negligence of both, was one of fact for the jury. See, also, Adrian v. Matthews, 104 Okla. 199, 230 Pac. 889; Oklahoma Union Ry. Co. v. Hainey, 69 Okla. 217, 222 Pac. 243.

It is true that the evidence as to whether the collision occurred east or west of the center line of Sixth street was largely a matter of inference to be drawn from the conflicting evidence as the location of the broken glass from the windshield. But a verdict based upon this character of evidence would not invalidate it under the general rule established in this jurisdiction.

In Frisco v. Rushing, 31 Okla. 231, 120 Pac. 973, it is said:

"A plaintiff in a civil case is not required to prove his case beyond a doubt. All that the plaintiff upon this branch of his case is required to do is to make it appear to be more probable that the injury came in whole or in part from the defendant's negligence than from any other cause."

In Weleetka Cotton Oil Co. v. Brookshire, 65 Okla. 293, 166 Pac. 408, it is said:

"Negligence * * * may be established by circumstantial evidence, and the reasonable inferences to be drawn therefrom, from which the jury may determine what was the proximate cause of the injury."

In Neeley v. Southwest Cotton Oil Co., 13 Okla. 356, 75 Pac. 537, it is said:

"When, on the trial of a cause, a question is presented as to * * * negligence or contributory negligence, and the facts which the evidence reasonably tends to establish are such that all reasonable men must draw the same conclusion from them, the case is one of law for the court, but if fair-minded men may honestly draw different conclusions the cause should not be withdrawn from the jury."

The general rule applicable to the situation disclosed by the facts in the instant case is stated in McCoy v. Wosika, 75 Okla. 3, 180 Pac. 967, as follows:

"In a civil action triable to a jury, where there is competent evidence reasonably tending to support the verdict of the jury and no prejudicial errors of law are shown in the instructions of the court. or its ruling on law questions presented during the trial, the verdict and finding of the jury will not be disturbed on appeal."

See, also, Frisco v. Davis, 37 Okla. 340, 132 Pac. 337; Anthony v. Bliss, 39 Okla. 237, 134 Pac. 1122; Littlejohn v. Midland Valley Ry. Co., 47 Okla. 204, 148 Pac. 120.

We cannot agree with defendants that the evidence upon which the verdict of the jury is based is so speculative and conjectural as to make it incumbent upon this court to set the verdict aside, but, on the other hand, we think that the verdict is based upon sufficient competent evidence, and that while some of this evidence is indirect and circumstantial. it is nevertheless evidence capable of generating the belief in the minds of reasonable men that the accident of which the plaintiff complains occurred by reason of the negligence of the defendant.

The judgment of the trial court is therefore affirmed.

By the Court: It is so ordered.

Note.—See under (1) 29 Cyc. pp. 415, 630, 635; 16 R. C. L. p. 189; 3 R. C. L. Supp. p. 546; 4 R. C. L. Supp. p. 1046; 5 R. C. L. Supp. p. 873.   (2) 23 C. J. p. 18, §1750; p. 27. §1761; p. 49, §1792; 29 Cyc. pp. 622, 624. (3) 4 C. J. pp. 851, 853, §2834; 2 R. C. L. p. 194; 1 R. C. L. Supp. p. 433; 4 R. C. L. Supp. p. 90; 5 R. C. L. Supp. p. 79.