### RED BALL BUS & PASSENGER CO. v. McCOLLUM.

No. 22077. May 1, 1934.

Withdrawn, Corrected, and Refiled May 15, 1934.

Ledbetter, Stuart, Bell & Ledbetter, for plaintiff in error.

J. F. Murray and Henry S. Johnston, for defendant in error.

PER CURIAM. This action was instituted in the district court of Kay county, Okla., by Jack McCollum, defendant in error, hereinafter called plaintiff, against the plaintiff in error, the Red Ball Bus & Passenger Company, a corporation, hereinafter called defendant, to recover for alleged damages to plaintiff's automobile and for personal injuries.

The plaintiff alleges negligence on the part of the defendant, among other things, in this, to wit: That said defendant negligently failed to provide proper and sufficient lights to assist the driver of said bus 'in' finding his way and in accurately determining the center and sides of the highway, or in accurately locating other vehicles approaching by said light; and that on said bus the windshield immediately in front of the driver's seat was scraped, scarred, and ground until it dulled the vision of the driver and made it impossible to see clearly the objects ahead and greatly obstructed the driver's view; more especially was the same an obstruction when meeting the glare of lights commonly used upon the driveway throughout said vicinity at said time; and that said condition of said windshield made it almost impossible to determine with accuracy the exact course of said bus or of approaching cars at the time of night when said collision occurred and when facing lights coming from an opposite direction, and put the driver at the necessity of taking a risk without sufficiently or clearly seeing where he was driving, and that said negligence upon the part of the defendant was the proximate cause of the injury and damage complained of.

The case was tried in the district court on the 20th day of May, 1930. At the close of the plaintiff's testimony, the defendant demurred to plaintiff's evidence and moved for an instructed verdict. The demurrer to the evidence and the motion for an instructed verdict were by the court sus-

tained. On the 25th day of August, 1930, the plaintiff's motion for a new trial, which had been filed in due time, was sustained by the court and a new trial granted the plaintiff. From the order sustaining the motion for a new trial and granting a new trial, the defendant in the lower court has appealed.

The accident out of which this action arose occurred after dark on the highway a few miles east of Tonkawa, Okla., on the night of September 29, 1929. The plaintiff, at the time or just before the accident, was driving eastward, following a car referred to in the testimony as the Bonner car; the defendant's bus, coming from the east, meeting the Bonner car, collided with it, as a result of which the left front wheel of the bus was knocked off or broken down or disabled in such a way that it became uncontrollable and swerved to the left across the pavement and collided with plaintiff's car, which was 75 or 100 feet west of the Bonner car.

The evidence shows that the plaintiff's car had been, by him, after he saw or heard the collison, driven something like 100 feet, and he had pulled to the right of the road until the left hand wheels of his car were within some 18 to 24 inches of the edge of the pavement; that at the time defendant's bus collided with plaintiff's car, plaintiff was driving at a rate of speed of some five to eight miles an hour.

While the evidence is not clear as to the damages which plaintiff's car actually sustained, the proof is conclusive that the car was actually damaged.

The evidence on behalf of the plaintiff as to where the bus and the Bonner car were at the time of the collision is, in substance, to the effect that both cars were on or near the center line of the road. At one place he states: "They were both in the center of the pavement, but I couldn't tell on which side of the line either one of them was on."

On cross-examination the plaintiff again testified in effect that the two cars that collided were in the center of the pavement, and at another time on cross-examination the plaintiff said in answer to a question propounded by defendant's counsel: "The fender might have been hanging over, but they were both in the center." And, at another time, in answer to a question propounded by defendant's counsel, the plaintiff answered: "I stated that it could have been riding the line or crowding the line, but the two cars were close to it and I couldn't tell which was over the line."

Earl Vermillion, a witness who testified on behalf of the plaintiff, testified, in substance, that he was employed by the defendant herein and was driving the bus involved in the collision with the Bonner car and with the car of the plaintiff; that he was driving the bus on a regular schedule for the defendant company, and was "running late"; and testified, in effect, that the lights on the bus were bad, and that the windshield was in bad condition on account of the windshield wiper having rubbed gravel and sand across the windshield and scratched and roughened the glass; that he was driving at approximately 25 to 30 miles per hour.

The following question was asked of and the following answer given by the witness Vermillion:

"Q. Mr. Vermillion, where was Mrs. Bonner's car, the Oldsmobile, that was first struck? Where was that car situated on the highway at the time of the accident? A. Well, before meeting this car, the best I could see this car was crowding the center of the pavement, and I pulled over and the lights being dim like they were I was unable to see outside of the road—I mean the outer edge of the pavement far enough away and I really thought there might be a ditch over there and I had two lady passengers with me, and, of course, I pulled over as far as I thought he would allow me because I didn't want to take any chances with the passengers."

The witness Vermillion also testified, in effect, that he had first noticed the condition of the windshield some two weeks before the time of the accident. This witness, in response to a question, again testified as follows:

"A. Well, if the windshield—if I had lights enough I could see over far enough away on this side of the windshield to see the outside of the pavement all right probably that way. Q. When there was an automobile facing you with their lights on were you able to see the curb of the paving when you were driving. A. Well, at a certain distance I could—from some light. But some cars that I would pass I slowed down almost to a stop before I could tell."

And again, the following question was asked of and the following answer given by the witness:

"Q. About the time you had this accident, or just immediately before this accident, could you see the center of the pavement and the curb on the right-hand side. A. No. sir. Q. Why? A. Well, I was blinded with

the lights. The lights I had didn't show enough that I could see the outer edge of the paving. That is, what was the outer side of the paving."

The only question in this case is whether or not the lower court erred when he sustained plaintiff's motion for a new trial. If the court was right in sustaining defendant's demurrer and in directing a verdict for the defendant, then it naturally follows that the motion for a new trial should have been overruled. If the court was wrong in its first ruling, then the motion for a new trial was properly sustained.

A determination of the question at issue invokes but one proposition, to wit: Was there any evidence at the trial of the case introduced on behalf of the plaintiff that showed or tended to show the alleged negligence upon the part of the defendant as charged in plaintiff's petition, and that said negligence was the proximate cause of the accident complained of? Or from the evidence introduced on behalf of the plaintiff regarding the alleged negligence, might it reasonably be inferred that the defendant was guilty of negligence which was the proximate cause of the accident?

The rule laid down in Oklahoma is:

"It is only when the evidence, with all the inferences that the jury can reasonably draw therefrom, is insufficient to support a verdict that the court is authorized to direct a verdict for the defendant." Petroleum Iron Works Co. v. Bullington, 61 Okla. 311, 161 P. 538; Miller v. Oklahoma State Bank of Altus, 53 Okla. 616, 157 P. 767; Consumers Gas Co. v. O'Bannon, Adm'r, 94 Okla. 107, 221 P. 423.

We are of the opinion and hold that the evidence introduced by the plaintiff upon the question of negligence, as alleged in plaintiff's petition, was such as to require the submission of the question to the jury; that the lower court erred in sustaining the demurrer to the evidence and in rendering judgment in favor of the defendant, and the action of the lower court in granting the plaintiff a new trial is affirmed. Cause remanded, with direction that this cause proceed in a manner not inconsistent with this opinion.

The Supreme Court acknowledges the aid of District Judge W. J. Crump, who assisted in the preparation of this opinion. The District Judge's analysis of law and facts was assigned to a Justice of this court for examination and report. Thereafter the opinion, as modified, was adopted by the court.