## BATTIEST v. STATE INDUSTRIAL COMMISSION et al.

No. 32631. Oct. 29, 1946.

*173 P. 2d 922.*

Burns McCain, of Tulsa, for petitioner.

Parke Davis, of Tulsa, and Mac Q. Williamson, Atty Gen., for respondents.

PER CURIAM. This is an original proceeding brought in this court by William I. Battiest to review an order of the State Industrial Commission denying an award for compensation on a claim presented against respondent,

Petroleum Painting Company, and its insurance carrier, Insurors Indemnity & Insurance Company.

The record discloses that petitioner, on the 10th day of January, 1946, filed his first notice of injury and claim for compensation in which it is stated that on the 6th day of July, 1945, he sustained an injury to his neck, shoulders, and back when he fell from a scaffold while in the employ of respondent, Petroleum Painting Company and while engaged in painting oil tanks; that he was performing such work in the county of Madison, State of Kansas, when he sustained his injury.

To this claim respondents filed their answer consisting of a general denial and affirmative plea that if petitioner sustained an injury as alleged, such injury was sustained by him while performing services for respondent in the State of Kansas and that the State Industrial Commission is without jurisdiction to award him compensation.

Hearing was had before Trial Commissioner Cheatham, who, at the conclusion of the evidence, found that petitioner had sustained an injury as contended, but that he sustained such injury while performing work in the State of Kansas and that the commission was therefore without jurisdiction to award him compensation, and entered an order denying compensation. This order was on appeal affirmed by the commission en banc.

It is the contention of petitioner that the order is not sustained by the evidence and is contrary to law.

The evidence discloses that on the 13th day of March, 1945, at Seminole, Okla., respondent Petroleum Painting Company, employed petitioner to clean out and paint oil storage tanks at Seminole, Okla.; that after his work there was completed he was directed by respondent to perform like services at Nowata, Okla.; that thereafter he was directed to go to Howard, Kansas, where he worked for respondent for about 12 days, and after having completed his work at Howard he was again directed to return to Sapulpa, where he worked for respondent for several weeks. He was thereafter directed to go to Madison, Kansas, and while there engaged in painting an oil storage tank he fell from the scaffold and sustained the injuries for which compensation is claimed.

It is the theory and contention of petitioner that since the evidence discloses that he was employed to perform the work in the State of Kansas under a contract of employment entered into by and between him and respondent Petroleum Painting Company in the State of Oklahoma, the State Industrial Commission had jurisdiction to award him compensation although he sustained his injury while performing services in the State of Kansas. This contention cannot be sustained. We have held to the contrary.

In Sheehan Pipe Line Const. Co. v. State Industrial Commission, 151 Okla. 272, 3 P. 2d 199, we said:

"The claimant in this case is a resident of the State of Oklahoma; the employer is and was an Oklahoma corporation; the claimant had been employed by the petitioners on a job of work in Oklahoma. After the completion of that work, he entered into a contract in this state to perform work for the employer in the State of Kansas. While working in Kansas, he received the injury complained of, which arose out of and in the course of his employment. *Held,* that the Industrial Commission had no jurisdiction to award him compensation."

In Associated Indemnity Corp. v. Landers, 159 Okla. 190, 14 P. 2d 950, we held:

"Jurisdiction of the State Industrial Commission is not dependent upon where the contract of employment was made or the place of residence of the injuried employee."

See, also, Continental Oil Co. v. Pitts, 158 Okla. 200, 13 P. 2d 180; Beck v. Davis, 175 Okla. 623, 54 P. 2d 271.

These cases are decisive of the question here presented.

Order sustained.

HURST, V. C. J., and OSBORN, BAYLESS, WELCH, and DAVISON, JJ., concur.