## LANDRY v. ACME FLOUR MILLS CO.

No. 32898.  July 19, 1949.
Rehearing Denied Nov. 8, 1949.

*211 P. 2d 512.*

Claud Briggs, of Oklahoma City, for plaintiff in error.

Clayton B. Pierce, of Oklahoma City, for defendant in error.

DAVISON, C.J.  This is an action wherein recovery is sought for the conscious pain and suffering of plaintiff's decedent as a result of the alleged negligence of defendant. Recovery for his wrongful death was had in another and different action and is not here involved.

The facts are simple and the sole question presented is whether or not the action is barred by the statute of limitations.

C. M. Griffith, while employed by the defendant, Acme Flour Mills Company, was injured June 21, 1943, under such circumstances that he would have been entitled to an award under the provisions of the Workmen's Compensation Act, but he filed no claim with the Industrial Commission. He was paid compensation until September of said year, when he returned to work.

Part of the injuries received consisted of a skull fracture, and in October it became necessary that Mr. Griffith return to the hospital for further surgery at the fracture site. By reason of the injuries or operation he developed meningitis, from which he died December 8, 1943. This action was brought December 6, 1945. The facts appear from plaintiff's petition, and the answer of defendant which was filed after a demurrer to the petition was overruled. Judgment was rendered for defendant, upon motion for judgment upon the pleadings on the theory that the action was barred by the statute of limitations. Plaintiff has appealed to this court.

Plaintiff takes the position that because of the inhibition contained in article 23, sec. 7, of the Oklahoma Constitution and in 85 O.S. 1941 §121, the Workmen's Compensation Act in no wise affected the cause of action herein except to the extent that, until the death of his decedent, the applicability of the Workmen's Compensation Act could not be determined and, therefore, no suit could be brought and this cause of action did not accrue until that date; that his is a cause of action which, by reason of 12 O.S. 1941 §1051, survived the death; that, being such cause of action which accrued at that date, December 8, 1943, it was not barred by the statute of limitations (12 O.S. 1941 §95, par. 3) until two years thereafter or two days after the filing of the petition.

The constitutional and statutory provisions above referred to are as follows:

Article 23, sec. 7, Oklahoma Constitution:

"The right of action to recover damages for injuries resulting in death

shall never be abrogated, and the amount recoverable shall not be subject to any statutory limitation."

85 O.S. 1941 §121:

"It is not intended that any of the provisions of this act (Workmen's Compensation Act) shall apply in cases of accidents resulting in death and no right of action for recovery of damages for injuries resulting in death is intended to be denied or affected."

12 O.S. 1941 §1051:

"In addition to the causes of action which survive at common law, causes of action for mesne profits or for an injury to the person, . . . shall also survive; and the action may be brought, notwithstanding the death of the person entitled or liable to the same."

12 O.S. 1941 §95:

"Civil actions, other than for the recovery of real property, can only be brought within the following periods, after the cause of action shall have accrued, and not afterwards:

"Third. Within two years . . . an action for injury to the rights of another, not arising on contract, and not hereinafter enumerated. . . ."

Two other sections of the statutes must be considered in analyzing and determining the proposition here presented. They are 85 O.S. 1941 §122, as follows:

"The right of action to recover damages for personal injuries not resulting in death arising and occurring in hazardous employments as herein defined, except the right of action reserved to an injured employee or his dependents or other legal representatives in Section 2 of Article 2 and Section 10 of Article 5 of this Act, is hereby abrogated, and all jurisdiction of the courts of this State over such causes, except as to the cause reserved to such injured employees or their dependents or other legal representatives in Section 2 of Article 2 and Section 10 of Article 5 of this Act is hereby abolished."

And 12 O.S. 1941 §1053, as follows:

"When the death of one is caused by the wrongful act or omission of another, the personal representative of the former may maintain an action therefor against the latter, if the former might have maintained an action had he lived, against the latter for an injury for the same act or omission. The action must be commenced within two years. The damages must inure to the exclusive benefit of the surviving spouse and children, if any, or next of kin; to be distributed in the same manner as personal property of the deceased."

The last above-quoted section has its origin in what, originally in England, was Lord Campbell's Act and creates a new cause of action, unknown at common law, which accrues to the next of kin of the decedent at the time of death. It has no connection with, nor effect upon an action for pain and suffering as is here under consideration. This distinction is thoroughly discussed in the early case of St. Louis & S. F. R. Co. v. Goode, 42 Okla. 784, 142 P. 1185.

The other quoted statutes deal with an entirely different cause of action; one which accrued at the time of the injury and in which the measure of damages is the loss sustained by the decedent from the time of the injury to the date of death. In the above-cited case the decedent brought a common law action in the district court to recover for personal injuries and it was revived and prosecuted by his administratrix after his death. This cause of action was not created by, but survived his death because of 12 O.S. 1941 §1051, supra. In discussing the effect of this survival statute and the death statute (Lord Campbell's Act), the cited case quotes from the case of Brown v. Chicago & N. W. R. Co., 102 Wis. 141-143, 77 N.W. 748, 44 L.R.A. 579, as follows:

" '. . . The language of the two provisions is plain. They refer to entirely distinct losses recoverable in different rights; the one in the right of the deceased for the loss occasioned to him, the other in the right of the surviving relatives for the loss to them. Both are

dependent on the injury, but only one dependent on the death with surviving relatives to take under the statute. The language of one provision is that "actions for personal injuries shall survive" and of the other, "in case of the death of a person by the wrongful act of another," under certain circumstances named, the wrongdoer "shall be liable to an action for damages notwithstanding the death of the person injured, if the death be caused in this state." The only condition of the right of action in the former case is the existence of the actionable claim for damages at the time of the death of the injured party. The 'statute creates no new liability, but prevents the lapsing by death of an old one.' "

It also quotes from Needham v. Railroad Co., 38 Vt. 294, as follows:

" 'The principles on which the intestate's cause of action rested at common law are the same, irrespective of the cause of his death. He had a right of action for the injury, and that right existed till his death. At common law his right of action died with his person, but it is revived by the statute in favor of his administrator. The action by the administrator founded on the claim of his intestate under the provisions of section 12 could include nothing more than his intestate's cause of action. That section simply revives, but does not enlarge, the common-law right of the intestate. Under the provisions of that section, it is evident that no damages could be assessed by reason of his death, nor resulting from his death.' "

Thus, had the instant case arisen prior to the passage of the Workmen's Compensation Act, there would be no doubt but that the cause of action for pain and suffering would have accrued at the time of the injury and, when the petition was filed more than two years thereafter, would have been barred by the statute of limitations (12 O.S. 1941 §95, par. 3, supra). Plaintiff's position is that,

"In the case at bar the cause of action could not have accrued prior to Griffith's death because until that time his right to bring the action was suspended by virtue of the Workmen's Compensation Act."

In considering this question it is necessary that the distinction between "cause of action" and "right of action" be recognized and borne in mind.

"A distinction may be taken, however. between 'cause of action' and 'right of action.' The cause of action is based on the substantive law of legal liability, whereas the right of action pertains to the remedy and relief through judicial procedure. Elliott v. Chicago, M. & St. P. Ry. Co., 35 S. D. 57, 150 N. W. 777, 779. The cause of action is distinct from the 'remedy,' which is simply the means by which the cause of action is satisfied. Dennison v. Payne (C. C. A.) 293 F. 333, 344; Tonn v. Inner Shoe Tire Co. (Tex. Civ. App.) 260 S. W. 1078, 1080. And the cause of action may exist, though the remedy does not. Chandler v. Horne, 23 Ohio App. 1, 154 N. E. 748, 750; Talbott v. Hill, 261 F. 244, 49 App. D. C. 96." (Black's Law Dictionary, Deluxe Third Edition, page 293.)

At first blush, many of the reported cases seem confusing because, in them, there was no necessity of recognizing this distinction and the phrases were used loosely and interchangeably, since their meaning therein could not be misinterpreted. One such instance is found in the opinion of this court in the case of Parkhill Truck Co. et al. v. Emery, 166 Okla. 280, 27 P. 2d 333, wherein it was said:

"As between employer and employee where compensation is provided for under the Workmen's Compensation Act, the right of action for damages for injury to the person is abolished by the act. There is therefore no cause of action which could survive at common law under section 822, C.O.S. 1921."

In that case, however, the sole question was the right of the administrator to revive claimant's pending action in the Industrial Commission prior to the 1933 amendment of 85 O. S. 1941 §41, where claimant died from causes other than and independent of the injury. It has no application to the case at

bar. When an employee covered by the Workmen's Compensation Act receives a compensable injury and subsequently dies, either of two situations exists, to wit: Where death results from causes independent of the injury and where it is a result of the injury itself. The Parkhill Truck Co. case, supra, falls within the first classification and, unless an award of compensation is made by the Industrial Commission, no recovery can be had because of the provisions of 85 O.S. 1941 §122. The instant case falls within the latter classification, which itself can be subdivided into two groups of cases, to wit: Those wherein the claimant seeks recovery in the Industrial Commission prior to death and those wherein he had filed no claim before he died. Both groups of cases in this classification come within the limitations on the application of the Workmen's Compensation Act, as contained in article 23, sec. 7, Oklahoma Constitution, and 85 O.S. 1941 §121, supra.

When an injury occurs, a *cause of action* accrues to the injured employee and he has a *right of action* in the Industrial Commission. He "need proceed no further than the State Industrial Commission to recover full compensation therefor." Markley v. White et al., 168 Okla. 244, 32 P. 2d 716.

Should he die as a result of those injuries after an award of compensation, no further recovery can be had for pain and suffering because "pain and suffering attendant upon or connected with a compensable injury was compensated for by an award made by the State Industrial Commission." Weatherman v. Victor Gasoline Co., 191 Okla. 423, 130 P. 2d 527, following Markley v. White, supra. Should he die as a result of these injuries, prior to an award of compensation, "the Compensation Act, under the terms of section 1, art. 6 (85 O.S. 1941 §121), above quoted, would no longer apply, and the Industrial Commission would have no further jurisdiction. . . . This construction avoids any conflict between the Compensation Act. . . . and

section 7, art. 23, of the Constitution." Lahoma Oil Co. et al. v. State Industrial Commission, 71 Okla. 160, 175 P. 836.

The *cause of action* for which the decedent could have recovered during his lifetime in the State Industrial Commission "for injury to the person" survived "and the action may be brought, notwithstanding the death of the person entitled or liable to the same" (12 O.S. 1941 §1051). The *right of action* therefor was in the proper court and not in the Industrial Commission because the provisions of the Compensation Act would not "apply in cases of accidents resulting in death and no *right of action* for recovery of damages for injuries resulting in death" is thereby "denied of affected". 85 O.S. 1941 §121. Nor is "the *right of action* to recover damages for injuries resulting in death . . . abrogated." Nor is "the amount recoverable . . . subject to any statutory limitation" (art. 23, sec. 7, Constitution) by the provisions of the Compensation Act. Consumers' Gas Co. v. O'Bannon, 94 Okla. 107, 221 P. 423.

We, therefore, hold that the cause of action which plaintiff's decedent had, to recover for pain and suffering, accrued at the time of the injury. His right of action, during his lifetime, was in the Industrial Commission. That cause of action survived his death and his personal representative had a right of action in the proper court to seek recovery.

"If the deceased never had a cause of action, none accrues to his representative or next of kin. The right which accrued to the deceased revives to his administrator by virtue of the former statute." St. L. & S. F. R. Co. v. Goode, supra, quoting Davis v. Railway, 53 Ark. 117, 13 S. W. 801.

This action, therefore, was barred by the statute of limitations (12 O.S. 1941 §95, par. 3) two years after the injury and prior to the filing of plaintiff's petition in the court below, unaffected by any provision of the Workmen's Compensation Act. This case in

174

no way deals with the effect of the filing of a claim for compensation, by decedent, during his lifetime, in tolling the statute of limitations, and we express no opinion thereon.

The judgment is affirmed.

WELCH, GIBSON, HALLEY, JOHNSON, and 'NEAL, JJ., concur.