In the Matter of the Death of Neal Quigley, Evelyn QUIGLEY, Surviving Wife, Petitioner,

v.

The STATE INDUSTRIAL COMMISSION of the State of Oklahoma, Respondent,

The Arrow Drilling Company, a Corporation, Respondent,

The Employer's Mutual Liability Insurance Company of Wisconsin, Insurance Carrier.

No. 37227.

Supreme Court of Oklahoma.

May 22, 1956.

Donald Royse, Elk City, for petitioner.

George E. Fisher, John A. O'Toole, Oklahoma City, for respondents.

DAVISON, Justice.

This is an original proceeding in this court to review an order of the State Industrial Commission, denying an award of death benefits under the provisions of the Workmen's·Compensation Law, 85 O.S.1951 § 1 et seq. to the claimant, Evelyn Quigley, for the accidental death of her husband, Neal Quigley, as against his employer, Arrow Drilling Company and its insurance carrier, Employer's Mutual Liability Insurance Company of Wisconsin, as respondents. The parties will be referred to as they appeared before the Commission.

The deceased was employed by the respondent as an oil well driller at a location in the Oklahoma Panhandle some twelve miles north of Perryton, Texas. He was driving an automobile, allegedly in the course of his employment on October 5, 1955, at a place in the State of Texas approximately seventeen miles south of Perryton in said State of Texas when he met his death as a result of a collision. The Commission denied an award of death benefits to his widow, the claimant, finding that it had no jurisdiction to make such an award in cases where the injury, which caused the death, occurred outside the state.

A determination of the meaning and effect on claims for death benefits, of the 1955 amendment to 85 O.S.1951 § 4 (House Bill #734, S.L.1955, page 485 disposes of all issues presented). The title of said House Bill is as follows:

"An Act amending Section Four (4), Title Eighty-five (85), Oklahoma Statutes, 1951, relating to Workmen's Compensation Law, fixing jurisdiction in cases where injury occurs outside the State of Oklahoma, when employment contract made and entered into within the territorial limits of the State of Oklahoma; providing for election by the injured employee in such cases to assert claim and liability under either the law of this State or the State where accident and injury occurred; * *."

The Bill itself so far as here applicable reads as follows:

"Section 1. Oklahoma Workmen's Compensation Law Applicable When Contract of Employment Entered Into Within State—Jurisdiction of Actions for Injuries—Compensation Paid Before Commencement of Action—Territorial Jurisdiction—Lands and Property of United States. That Section Four (4), Title Eighty-five (85), Oklahoma Statutes, 1951, be and the same is hereby amended as follows:

"Section 4. From and after the passage and effective date of this ιAct, all the provisions of the Workmen's Compensation Law of this State (Title 85 ιO.S.1951) and all amendments thereof or thereto shall apply to employers and to employees, irrespective of where accident resulting in injury may occur, whether within or without the territorial limits of the State of Oklahoma, when the contract of employment was entered into within the State of Oklahoma, and the said employee was acting in the course of such employment and performing work outside the territorial limits of this State under direction of such employer. In such cases the injured employee may elect to commence and maintain his action for benefits and compensation before the State Industrial Commission of the

State of Oklahoma, and the said Commission is hereby vested with jurisdiction thereof as fully as if such injury or accident had occurred within this State. * * *"

The finding of the Commission, in its order herein, was that,

"The extra-territorial jurisdiction Act, laws 1955, page 486 Section 2, has no application to claims for injuries resulting in death arising outside the State of Oklahoma and the State Industrial Commission has no jurisdiction of this claim."

■ The argument of the parties, in their briefs, seems to be pitched upon the same foundation as the above quoted finding, namely, that claims for death benefits are within the purview of the said legislative act if, and only if, the wording of the title and body thereof are sufficiently comprehensive to include them. That assumption, however, is incorrect. The 1950 amendment to Art. XXIII, § 7 of Oklahoma Constitution authorizing it and the 1951 death benefit statutes, House Bill No. 312 of the 23rd Legislature S.L.1951, pp. 267 to 270 inc., provide for amount of compensation, which is exclusive, payable in cases where death results from injuries suffered in employment covered by the Workmen's Compensation Law. The first discussion and interpretation of said Death Benefit Act was in the opinion of this court in the case of Capitol Steel & Iron Co. v. Fuller, 206 Okl. 638, 245 P.2d 1134, 1139. Therein, it was pointed out that,

"The effect of the amendment or added proviso of Article XXIII, sec. 7 of the Constitution was to place a death action upon the same footing as a personal injury action when each arose by reason of accidental injury in the course of employment covered by the Workmen's Compensation Act."
And,

" * * * any provision in said act which modifies the provisions of sections 1053 and 1054 of Title 12 O.S. 1941, except to 'provide an amount of compensation under the Workmen's Compensation Law for death resulting

from injuries suffered in employment covered by such law,' is also void.
* * *

"It must be always borne in mind that the injured employee's cause of action for damages for personal injuries was and is one at common law, now abrogated by the Workmen's Compensation Law, but that the right of others to recover for his death is purely statutory and exists in this jurisdiction solely by virtue of 12 O.S.1941, sec. 1053. St. Louis & S. F. Ry. Co. v. Goode, 42 Okl. 784, 142 P. 1185, L.R.A. 1915E, 1141. No cause of action for death is created by Art. XXIII sec. 7 (originally or as amended) or by the Workmen's Compensation Law which now applies to and controls both causes of action. This last mentioned law does not and cannot create either."

Those quoted pronouncements have been followed in all subsequent cases dealing with the same subject matter. Any right of recovery for death, whether it be by an action at law for wrongful death or a claim for death benefits under the Workmen's Compensation Law, exists by reason of the provisions of 12 O.S.1951 § 1053, as follows:

"When the death of one is caused by the wrongful act or omission of another, the personal representative of the former may maintain an action therefor against the latter, or his personal representative if he is also deceased, *if the former might have maintained an action had he lived, against the latter or his representative for an injury for the same act or omission.*"

This reasoning leads to but one conclusion * * *. In all instances where an injured person may pursue a remedy to recover for his loss, either in damages or compensation, the persons authorized by 12 O.S.1951 § 1054 may, if death results from the injury, pursue a remedy to recover for their loss, either in damages or death benefit award.

■■ Under the common law, a person wrongfully injured could maintain an action for damages in the courts of this state

only when the injury was inflicted in this state. In those cases where such right of recovery has been abrogated by the Workmen's Compensation Law, the proceeding is before the Industrial Commission and prior to the 1955 amendment to 85 O.S.1951 § 4 was limited to injuries occurring within this state. Sheehan Pipe Line Const. Co. v. State Industrial Comm., 151 Okl. 272, 3 P.2d 199; Beck v. Davis, 175 Okl. 623, 54 P.2d 371; Battiest v. State Industrial Comm., 197 Okl. 618, 173 P.2d 922. Proceedings for recovery of death benefits were likewise restricted. However, it is uncontroverted that, by virtue of said 1955 amendment to 85 O.S.1951 § 4, the State Industrial Commission is authorized to make awards for injuries suffered outside this state when the requirements of said law have been met. We have, heretofore, consistently held that,

> "When an injury occurs, a cause of action accrues to the injured employee and he has a right of action in the Industrial Commission. He 'need proceed no further than the State Industrial Commission to recover full compensation therefor.' " Markley v. White, 168 Okl. 244, 32 P.2d 716, 717; Landry v. Acme Flour Mills Co., 202 Okl. 170, 211 P.2d 512, 516.

■ And now, since the 1950 amendment of Art. XXIII, § 7 Oklahoma Constitution and the passage of the 1951 Death Benefit Act, supra, when the injury results in death and, by virtue of the Workmen's Compensation Law, the employee "might have maintained an action (in the State Industrial Commission) had he lived, against the latter (the employer) for an injury for the same act or omission", then because of the provisions of 12 O.S.1951 § 1053 as modified by the Death Benefit Act, supra, the authorized persons (under 12 O.S.1951 § 1054) "may maintain an action therefor against the latter (the employer)."

■ Turning back to the case now being considered, the enactment of House Bill 734, above quoted, authorized the deceased, Neal Quigley, had he lived, to maintain an action in the State Industrial Commis-

sion for the injury. Therefore, by reason of 12 O.S.1951 § 1053, that situation permits the claimant, Evelyn Quigley, to maintain an action for his death as the result of such injuries. In line with this conclusion, it is immaterial to the jurisdiction of the Commission, whether the title or body of said House Bill 734 makes the act expressly applicable to claims for death benefits. The State Industrial Commission has jurisdiction to hear the matter on its merits.

The order is vacated and the Commission is directed to hear and determine the merits of the claim.

JOHNSON, C. J., WILLIAMS, V. C. J., and HALLEY, BLACKBIRD, JACKSON and HUNT, JJ., concur.