Matter of the Complaint Made by JOHN N. CARLISLE, State Commissioner of Highways, State of New York, Appellant, *v*. JOHN S. BURKE, Town Superintendent of Highways of the Town of Oyster Bay, New York, Respondent.

(County Court, Nassau Special Term, October, 1913.)

Highways — state commissioner of — charges of malfeasance and misfeasance against a town superintendent of highways — Highway Law, § 105.

Courts — power to remove public officer — acts done prior to present term of office.

Where, upon the hearing of charges of malfeasance and misfeasance in office preferred by the state commissioner of highways against a town superintendent of highways, he admits

that he did not file a list of the names of the persons employed by him, as required by statute, and the evidence shows that he and the town board entered into a written agreement which provided for the improvement of certain highways and the expenditure of certain moneys, and he admits that he did not improve the highway specified in and required by said agreement and did not make the expenditures therein called for, but testifies that he spent the money on town highways other than those specified and authorized by said agreement, he knowingly violated section 105 of the Highway Law, was guilty of malfeasance in office as charged and subject to removal, and an order of the town board dismissing the charges must be reversed.

An agreement between three members of the town board and said town superintendent of highways, calling for the improvement and repair of the highways which he had already repaired and improved with the money appropriated for the work under the prior agreement, entered into about the time the charges were formulated and with full knowledge on the part of all parties that the official conduct of said superintendent had been investigated and that he had been charged with malfeasance and misfeasance in office, was not a ratification of the unauthorized acts of said superintendent and did not exonerate him from said charges. Notwithstanding, after a full discussion and consideration of said charges the electorate of said town re-elected said superintendent to office, it was imperative on the court to order his removal, his violation of the statute having been established.

It is well settled that the court has no power to remove a public officer for acts done prior to his present term of office.

APPEAL from an order made by the town board of Oyster Bay, entered in the office of the town clerk of Oyster Bay on the 20th day of June, 1913, dismissing charges of malfeasance in office made against respondent.

Thomas Carmody, attorney-general (James J. Barrett, deputy attorney-general, of counsel), for appellant.

John J. Graham, for respondent.

NIEMANN, J. The respondent was elected to the office of town superintendent of highways of the town of Oyster Bay, in this county, in the spring of 1911, for a term of two years commencing on the first day of November, 1911. In the spring of 1913, he was re-elected for a term of two years to commence on November 1, 1913. On the twenty-third day of May, 1913, charges in writing were preferred against him by John N. Carlisle, commissioner of highways of the state of New York, and filed with the town clerk of the town of Oyster Bay on the twenty-sixth day of May, 1913. A copy of said charges was served upon the defendant. Thereafter, on June 20, 1913, a hearing was had upon said charges before the town board of Oyster Bay, which resulted in a finding dismissing the charges. An order was entered thereon and filed in the office of said town clerk on said day and an appeal from said order is now taken to this court, pursuant to the provisions of section 46 of the Highway Law.

The charge contains five specifications, the first alleging that the respondent took ten loads of screenings belonging to the state of New York and used them for the improvement of the town highways; the second alleging a failure to comply with the requirements of subdivision 4 of section 47 of the Highway Law requiring the filing in the office of the town clerk of a list of the names of the persons employed in the proper maintenance and repair of highways in the town, and the compensation paid to each, and the capacity in which they were employed; the third alleging a violation of section 105 of the Highway Law in that said respondent paid in the aggregate more than seven thousand five hundred dollars for various purposes in the repair and improvement of highways in the town without entering into any agreement

therefor with the town board; the fourth alleging a continuance of said violation of said section; and the fifth alleging discrepancies in the highway funds disbursed by said respondent.

Section 46 of the Highway Law provides that a town superintendent may be removed for malfeasance or misfeasance in office. Misfeasance is the wrongful and injurious exercise of lawful authority, or the doing of a lawful act in an unlawful manner; while malfeasance is doing an act which is positively unlawful or wrongful. Bouvier Law Dict. 421. A misfeasance is a default in not doing a lawful act in a proper manner, or omitting to do it as it should be done; while a malfeasance is the doing of an act wholly wrong and unlawful; and non-feasance is omission to perform the required duty at all, or a total neglect of duty. Cott v. Lynes, 33 Conn. 109. The acts alleged to have been committed, if proven, would constitute both malfeasance and misfeasance in office.

As to the first count alleging the taking of stone, the evidence fails to support that charge. · It appears that an employee of the respondent took state stone and placed it upon a town highway. But he did it without the knowledge or consent of the respondent. Immediately upon learning of it the respondent replaced the stone. Under the circumstances this was all that he could do. There is no proof to sustain the fifth specification. This leaves the second and third specifications. As to the second specification the respondent admitted upon the trial that he did not file a list of the names of the persons employed by him as required by law. As to the third specification: It appears that on June 10, 1912, the respondent and a majority of the town board entered into a written agreement which provided for the improvement of certain highways and the expenditure of certain

money. The respondent admits that he did not improve the highways specified in and required by said agreement and did not make the expenditures therein called for, but testified that he spent the money where he thought it was necessary; *i. e.,* in a different manner than that provided for in said agreement. It would seem from his testimony that he adopted his own ideas as to how the moneys appropriated for highway purposes should be spent in place of the provisions of the Highway Law which prescribe the manner in which such expenditures must be made. The respondent says that he had read the Highway Law, but that the more he read it the less he knew about it. His ignorance of the law is no excuse. A man who seeks a public office is bound to acquaint himself with the duties which the law imposes upon him. If he cannot comprehend the statutory provisions regulating his conduct in office, it is his duty to seek advice.

The provisions of the Highway Law regulating the manner of contracting for the expenditure of the moneys raised for highway purposes were incorporated in the Highway Law by the legislature as a safeguard for the protection of the moneys of the people, and it is the duty of the highway superintendent to conduct his office and perform his duties in the manner prescribed by the act and not according to his own individual notions or judgment. Not only did the express provisions of the law require the respondent to expend the moneys in the manner required by law, but the respondent actually entered into an agreement with the town board fixing and prescribing the manner in which the moneys should be expended. The respondent must have known that having made such an agreement with the town board he was bound by its provisions and could not expend the moneys as he saw fit, and in utter disregard of the provisions of

said agreement which so minutely described how every cent of the money should be used. It does not appear from the evidence that the respondent misappropriated any of the moneys entrusted to him by the people and I believe that when he spent the money on other town highways than those specified and authorized by said agreement he was acting in good faith and that he honestly believed he was doing the best thing for the interests of the people; nevertheless he knowingly violated one of the most essential and important provisions of the Highway Law and in this respect was guilty of malfeasance in office and laid himself open to these charges and to removal from office. Upon the uncontradicted evidence in this proceeding, the respondent is subject to removal. The finding of the town board that the charges have not been sustained is not in accordance with the evidence.

On May 13, 1913, an agreement was entered into by three of the members of the town board and this respondent calling for the improvement and repair of the highways which the respondent had already repaired or improved with the money appropriated for the work under the agreement of June 10, 1912. As will be seen, this agreement was entered into about the time that the charges were formulated and with full knowledge on the part of the respondent, as well as those members of the town board who entered into this agreement, that the respondent's official conduct had been investigated and that a charge of malfeasance and misfeasance was to be made against him. It is claimed by the respondent that this agreement is a ratification of his unauthorized acts and exonerated him from these charges. There could be no ratification by the board of his acts. The observance of the provisions of the statute is imperative.

The statute (Highway Law, § 105) provides that

the moneys levied and collected for the repair and improvement of highways shall be expended in such manner as may be agreed upon by the town board and the town superintendent. The statute further provides that the agreement shall be written and signed in duplicate by a majority of the members of the board so constituted, and shall be approved by the commission, before the same shall take effect. Such moneys shall be paid out by the supervisor on the written order of the town superintendent in accordance with such written agreement. Therefore, unless a written agreement has been entered into, there would be no authority in the supervisor to pay out to the town superintendent moneys that have been collected for the repair and improvement of highways. Furthermore, the statute provides that such moneys shall only be paid out in accordance with such written agreement. If a highway superintendent can expend large sums of money without such agreement or in violation of the terms of an agreement and afterwards have his acts ratified by the board, there is no force in the statute which says that he first must enter into an agreement. While it is true that a majority of the town board made this second agreement, it will be noted that only three of the members of the board became parties to it, and the majority of one was brought about by the respondent making himself a party to the agreement. Thus, the respondent attempted to ratify his own unauthorized acts. A ratification of this character, even if ratification were possible, would be ineffectual.

The making of this second agreement is in itself an admission that the respondent had violated the provisions of the statute governing the expenditure of the highway moneys. Said second agreement was made for the very purpose of making lawful the un-

lawful and unauthorized acts which had been previously committed by the respondent. Such was clearly its purpose and it only emphasizes the fact that the respondent committed the act of malfeasance charged in the third specification of the charge.

It appears from the evidence that it was well known to the public prior to respondent's re-election that his accounts and acts as highway superintendent were under investigation by the state auditors and that these matters and charges of malfeasance were made public in the local press and discussed by the electors. After a full discussion and consideration of these very charges against the respondent, the electorate of the town returned the respondent to office, re-electing him for a term of two years commencing on the 1st day of November, 1913.

It is well settled that the court has no power to remove a public officer for acts done prior to his present term of office (People v. Ahearn, 131 App. Div. 30; affd., 196 N. Y. 221; Conant v. Grogan, 6 N. Y. St. Repr. 322; State ex rel. Tyrrell v. Jersey City, 25 N. J. L. 536), so that the respondent's term of office to which he was elected last spring could not be affected by a determination adjudging him guilty of malfeasance or misfeasance in his present term. The respondent's re-election, however, cannot, as a matter of law, have any controlling influence or effect upon the determination of this matter. The fact that the people have the right to nominate and re-elect a man to an office from which he has been removed does not affect the binding force of the express provision enacted by the people themselves that an official who has violated the mandate of a statute which has been expressly enacted to govern and control his official acts shall be removed from office and prevented from continuing to exercise the trusts, powers and duties of

the office during the term in which he has been found guilty of official misconduct. Any other construction would completely nullify the act of the legislature and would in effect repeal the statute or at least make it inoperative in a special case. The people themselves have placed limitations upon their own power and are forced to give obedience collectively as well as individually to the lawful enactments of their legislature. It follows, therefore, that no matter how inconsistent it would seem to be to remove a man from office for the remainder of a term when he has been re-elected by the people for the same office for the succeeding term with full knowledge of his official misconduct, the plain mandate of the statute makes it imperative upon the court to order his removal if his violation of the statute has been established. Any other disposition of the matter would be judicial legislation.

The order of the town board of Oyster Bay appealed from, dismissing the said charges against the respondent, must be reversed.

Order reversed.