No. 21,708.

THE STATE OF KANSAS, ex rel. THURMAN HILL, as County Attorney of Montgomery County, *Appellee*, v. E. T. HENSCHEL, *Appellant*.

### SYLLABUS BY THE COURT.

OUSTER—*Official Misconduct — Ouster Proceedings Begun after Term of Office Expired—Too Late.* Under the ouster law, section 7603 of the General Statutes of 1915, a public officer who is guilty of willful misconduct in office forfeits his right to hold the office for the term of his election or appointment, but the disqualification to hold the office does not extend beyond the term in which his official delinquency occurred.

Appealed from Montgomery district court; JOSEPH W. HOLDREN, judge. Opinion filed October 12, 1918. Reversed.

*George H. Wark,* of Caney, *S. H. Piper,* and *Chester Stevens,* both of Independence, for the appellant.

*S. M. Brewster,* attorney-general, *Thurman Hill,* county attorney, and *George D. Higgins,* assistant county attorney, for the appellee.

The opinion of the court was delivered by

DAWSON, J.: The defendant was ousted from his office as chief of police, under section 7603 of the General Statutes of 1915, for willful misconduct in office. The substance of the state's complaint against him was that he attempted to prevent a constable from arresting a person, the chief's chauffeur, for a misdemeanor. The constable was armed with a lawful warrant regularly issued.

There is no trouble in this case about the evidence. It was sufficient and satisfactory. The conduct of the chief of police was highly reprehensible. That the prosecution of the chauffeur was ill-advised, if that were true, is of no consequence. It is an absurdity to argue that the constable should have abandoned his efforts to make the arrest when informed that the man whom his warrant called for was the chief's chauffeur and a special police officer. A constable has nothing to do with the merits or demerits of the prosecutions in which

he is ordered to serve warrants and make arrests. The constable's duty is to make the arrest though the heavens fall.

But the defendant raises one question which counsel for the state do not attempt to answer—possibly because they recognize that it is unanswerable. The defendant's official misconduct occurred on April 20, 1917. For that misconduct he forfeited his right to his office and might have been judicially ousted therefrom. His immediate superiors, the city government, might likewise have dealt with him under section 1804 of the General Statutes of 1915. He might also have been prosecuted criminally under section 3554 of the General Statutes of 1915. It appears, however, that the defendant's official term of office expired before this action to oust him was begun. On May 1, 1917, the defendant was appointed and confirmed as chief of police for a new term. This action was begun on May 22, 1917 — to forfeit defendant's right to the office for a term which had then expired. The defendant's dereliction in one term does not disqualify him from holding the office in a succeeding term. There is no general disqualification in the ouster law barring official delinquents from holding office in any term beginning in the future, and the court cannot write such language into the statute. There seems to be no escape from this conclusion; the alleged official misconduct had become a moot question ere ouster proceedings were begun; and the judgment must therefore be set aside and the cause remanded with instructions that it be dismissed.

It is so ordered.