### CHANDLER v. HORNE ET AL.

*Exemptions—No vested rights of debtor in statutes—Amendments do not relate to remedy—Section 26, General Code, inapplicable—Defendant in pending action not entitled to exemption under prior law—Section 11725, General Code (111 O. L., 386).*

1. In Ohio a debtor has no vested rights in statutes fixing exemptions.
2. As the amendment to Section 11725, General Code (111 O. L., 386), which became effective July 16, 1925, decreasing a debtor's exemptions, did not relate to the remedy, a defendant in a civil suit pending at that time is not entitled to the exemptions allowed by the prior law as against the judgment obtained in said suit.

(Decided November 24, 1926.)

ERROR: Court of Appeals for Summit county.

*Mr. Robert C. Ryder,* for plaintiff in error.
*Messrs. Slabaugh, Seiberling, Huber & Guinther,* for defendant in error Horne.

PARDEE, P. J. The parties stand in this court as they did in the court below. The plaintiff, Caroline Martin Chandler, brought an action in that court in the nature of a creditors' bill, as author-

ized by Section 11760, General Code, to collect a money judgment which she had obtained in the municipal court of the city of Akron against the defendant Howard B. Horne, for injuries for a tort. The case was tried in the court below upon an agreed statement of facts, incorporated in the bill of exceptions, the pertinent parts of which are the following:

On the 11th day of May, 1925, the plaintiff filed her petition in the municipal court of Akron, asking damages against the defendant Horne for personal injuries which she received when struck by an automobile owned and operated by him. The cause came on for trial, and on September 23, 1925, a judgment was rendered in favor of the plaintiff, which judgment is wholly unsatisfied. Said Horne at all times since the beginning of the suit in the municipal court has been a resident of the city of Akron and the head of a family—being a married man, living with his wife and minor child, and being their sole support. Neither he nor his wife is the owner of a homestead. Since the beginning of the action he has been employed by the defendant Tri-State Baking Company, at a weekly wage of $33, and all of his earnings are necessary for the support of himself and family. Horne has at all times claimed and collected all of said wages as exempt from application to the payment of said judgment.

Judgment was entered in favor of said defendants, and the case is now here on error to reverse that judgment.

On the day that the petition was filed in the municipal court, debtors in Ohio were entitled, by

virtue of paragraph 6 of Section 11725, General Code, to the following exemptions:

"6. The personal earnings of the debtor, and the personal earnings of his or her minor child or children, for three months, when it is made to appear by affidavit of the debtor, or otherwise, that such earnings are necessary to the support of the debtor or his or her family. Such period of three months shall date from the time of issuing an attachment or other process, the rendition of a judgment, or the making of an order, under which the attempt may be made to subject such earnings to the payment of a debt  *  *  *."

Before judgment had been rendered in the suit, that paragraph of the section had been amended (111 Ohio Laws, p. 386) to read as follows:

"6. Ninety per cent. of the personal earnings of the debtor, and the personal earnings of his or her minor child or children for thirty days, not exceeding seventy-five dollars, when it is shown that such earnings are necessary to the support of the debtor or of his or her dependent family. Such period of thirty days shall date from the time of issuing an attachment or other process, the rendition of a judgment, or the making of an order, under which the attempt may be made to subject such earnings to the payment of a debt. When the defendant fails to show that his said earnings for thirty days are necessary to the support of the debtor or his or her dependent family, the court, judge or justice shall subject by proper order, the excess of his total earnings for thirty days over the amount shown to be necessary, not exceeding seventy-five dollars, toward the satisfaction of

plaintiff's judgment.  *  *  *  The ten per cent. * * * shall be based upon the earnings for the last thirty days, providing there is due the defendant from the garnishee or respondent an amount greater than such per cent. of his earnings for thirty days; otherwise the full amount due the defendant from the garnishee or the respondent shall be ordered applied upon the judgment  *  * . *.''

This amendment became effective on July 16, 1925. The defendant Horne claims that he had a vested right to the exemptions as they were set forth in said section at the time the suit was started in the municipal court.

In some states of the Union exemptions are provided in their constitutions, but in this state the right to provide for exemptions rests entirely in the discretion of the General Assembly.

Statutory provisions creating exemptions have always been considered as resting in a sound public policy, to prevent citizens from being oppressed by unjust and harassing litigation. The common law did not recognize exemptions, and every species of property of a debtor was liable for the payment of his debts.

Questions affecting the amount of exemptions allowed a debtor have frequently been before the Supreme Court of the United States and the courts of the several states, and all of them recognize that there is a fundamental difference between increasing and decreasing the exemptions allowed a debtor. In some of the early decided cases it was held that laws increasing the amount of property which a debtor might hold exempt from the payment of his debts might be applied to a pre-existing con-

tract without impairing the obligation thereof, but later decisions, both of the federal and state courts, make it quite clear that a statute materially increasing exemptions is invalid if applied to pre-existing contracts. But, on the other hand, it has uniformly been held that a debtor has no vested rights in statutes fixing exemptions, and that a retrospective effect could be given to a statute which abolished or diminished them, without depriving the debtor of any constitutional right.

This rule has been held to apply to statutes exempting property from levy and sale upon execution. These statutes give the debtor a privilege which he would not otherwise enjoy, and the state, by the enactment of them, does not thereby agree that the amount of the exemptions provided in these statutes shall be permanent, but retains the right to alter or change them at will. Every government recognizes the moral duty of every debtor to pay his just debts, and when granting immunity from them does not base it upon any consideration moving from the debtor, but solely upon motives of public policy, of which the state is the sole judge.

There are many cases upon this subject cited in the books, but we will quote from one only. In *Leak* v. *Gay,* 107 N. C., 468, 12 S. E., 312, Mr. Justice Avery says:

"It is the creditor alone who has the right to insist that any law passed by the legislature of a state which will, if enforced * * * destroy his lien, is unconstitutional, because it impairs the obligation of the contract. Statutory privileges and exemptions, as distinguished from those conferred by the Constitution, are granted, subject to the

power of the general assembly to repeal or modify the act that gives them, and all private agreements are entered into, in contemplation of law, with full knowledge that such privileges or exemptions may be recalled when not resting in contract  *  *  *. A creditor has the constitutional right to demand that his lien shall not be destroyed, or his remedy in any other way impaired, but the debtor can claim no vested right of exemption. The privilege is granted to the latter subject to the right of the sovereign to recall it in the way prescribed in the organic law.''

This principle was also recognized in *Lewis, Trustee*, v. *McElvain*, 16 Ohio, 348.

We are therefore unanimously of the opinion that the defendant Horne did not have any vested right in the exemption laws of the state of Ohio as they existed on May 11, 1925, at the time the suit was started in the municipal court of the city of Akron.

But the defendant Horne also claims the benefit of a part of Section 26, General Code, which was in force at the time the suit in the municipal court was started, to wit:

''Whenever a statute is repealed or amended, *  *  * and when the repeal or amendment relates to the remedy, it shall not affect pending actions, prosecutions, or proceedings, unless so expressed *  *  *.''

This section is to be read as a saving clause in all statutes which amend or repeal prior legislation.

The defendant claims that the amendment of 1925 affected the remedy of a pending civil action, because it was not otherwise expressed therein, and

that therefore he is entitled to the exemptions as they existed in the law prior to amendment.

In investigating this question, it is well to consider what the word "remedy" means, as contained in Section 26, General Code. Prof. Black, in his Law Dictionary, says, "Remedy is the means by which the violation of a right is prevented, redressed, or compensated," and adds that they are divided into four kinds, one of which is "judicial remedy; e. g., action or suit." Wharton's Law Lexicon defines a remedy as "a legal means to recover a right."

It is also very important to keep in mind the distinction which exists between "the cause of action" and the "remedy" which has been given by law to redress a wrong or establish a cause of action. Causes of action exist in the mind and arise from the very nature of things, and there may or may not be judicial recognition of them, and until a remedy is provided for their redress they are independent of law.

At this period in our civilization, however, for the redress of wrongs there is provided a method by which courts take notice of private wrongs upon the complaint of the injured person, and this is called the remedy. After the remedy is provided, wrongs exist in contemplation of law. So, in the instant case, did the amendment decreasing the amount of money which the defendant Horne could hold exempt from execution affect the remedy of the pending case?

We do not think so. It did not make it easier for the plaintiff to establish her cause of action, nor more difficult for the defendant to establish his

defense; it did not affect the procedure in any way; in fact, it did not relate in any way to the case then pending, but did relate to the amount of property which the debtor might hold exempt from his debts —not a particular debt, but any which he might owe.

It is true, of course, as claimed by the defendant, that the issuance and levy of an execution is a remedy by which a creditor seeks to secure the satisfaction of his debt; but it is not a part of the remedy by which it is determined whether there is a debt or demand owing him.

The amendment did not amend or repeal any of the laws then in force in regard to the establishment of a cause of action, or the remedies by which a judgment rendered in a proceeding could be collected. After the amendment the procedure for the collection of a debt was just the same as it was before, and the only thing that the amendment did was to decrease the amount of money which a debtor might hold exempt from the payment of his debts. This, in our judgment, did not have anything to do with the remedy in the sense contemplated by the lawmaking body when it enacted Section 26, General Code.

We are therefore of the opinion that Section 26, General Code, does not continue in force for the benefit of said defendant the exemptions as set forth in Section 11725, General Code, before it was amended. And of course, the proceeding in the common pleas court having been started after said amendment went into effect, Section 26, General Code, could not apply to it.

The judgment of the trial court is reversed and

the cause is remanded to that court with instructions to take an account finding the amount due the defendant Horne, earned during the 30 days preceding the day on which the summons issued, and to apply upon plaintiff's judgment 10 per cent. of the amount so earned and due the defendant on that date, and release all the wages of the defendant earned and impounded since such suit was started.

*Judgment reversed and cause remanded.*

WASHBURN and FUNK, JJ., concur.