### STATE v. BLAKE.

No. 19548.    Opinion Filed Sept. 24, 1929.

W. F. Pardoe, Grady Lewis, and E. B. Hughes, for plaintiff in error.

Owen & Looney and R. K. Robertson, for defendant in error.

PER CURIAM. This is an appeal by the state of Oklahoma from an order and judgment of the district court of Creek county quashing an accusation against Ralph H. Blake, county treasurer.

Ralph H. Blake was duly elected and qualified as treasurer of Creek county for the term beginning July 1, 1925, and ending June 31, 1929. While serving as such county treasurer and during said term and on April 9, 1928, there was returned in the district court by the grand jury an accusation against Ralph H. Blake charging him with malfeasance and corruption in office and praying for his removal from the office of county treasurer, and which accusation was filed in the office of the court clerk April 11, 1928. The defendant, Blake, moved the court to quash the accusation, which motion was by the court sustained on the 4th day

of May, 1928, and it is from this order and judgment the state of Oklahoma, on July 10, 1928, filed its appeal in this court. At the November, 1928, election the defendant, Blake, was by the vote of the people of Creek county re-elected county treasurer to succeed himself and on July 1, 1929, he entered into his second term in said office.

As the defendant in error in this court, he has filed herein his motion to dismiss this appeal upon the grounds the term of office in which the removable acts charged occurred has expired and by reason thereof the question presented by this appeal has become moot.

So far as we are able to ascertain, the question presented by the motion to dismiss this appeal is before the court for the first time in this jurisdiction. Under section 2405, C. O. S. 1921, the only judgment the trial court could pronounce in the event the accusation be sustained is that the defendant be removed from office. Under the ouster statute of the state of Kansas, providing that if the defendant shall be found guilty, judgment of ouster shall be rendered against him (sections 7603-7609, General Statutes of Kansas 1915). the Supreme Court of the state of Kansas in the case State ex rel. Hill. County Attorney, v. Henschel, 175 Pac. 393, wherein judgment of ouster was rendered for official misconduct occurring during the previous term of office, said:

"Under the Ouster Law (section 7603 of the General Statutes of 1915-Code Civ. Proc. 686a-), a public officer who is guilty of willful misconduct in office forfeits his right to hold the office for the term of his election or appointment; but the disqualification to hold the office does not extend beyond the term in which his official delinquency occurred."

And in the body of the opinion said:

"There is no general disqualification in the ouster law barring official delinquents from holding office in any term beginning in the future, and the court cannot write such language into .the statute. There seems to be no escape from this conclusion. The alleged official misconduct has become a moot question ere ouster proceedings were begun; and the judgment must therefore be set aside, and the cause remanded, with instructions that it be dismissed."

This rule is supported by the courts of last resort in jurisdictions wherein the only judgment that may be pronounced, upon a finding of guilty on accusation charging malfeasance in office, is the removal from office. In the case of State ex rel. Brickell v. Hasty, 184 Ala. 121, 63 South. 559, the Supreme Court of Alabama said:

"It must be observed that, while the law affords ample means for the indictment and punishment of unfaithful officers, and for the removal of same for certain causes, the maximum penalty, under an impeachment proceeding, is the removal and disqualification to hold office under the state for the term only for which he was elected. If an officer is impeached and removed, there is nothing to prevent his being elected to the identical office from which he was removed for a subsequent term, and, this being true, a re-election to the office would operate as a condonation, under the Constitution, of the officer's conduct during the previous term, to the extent of cutting off the right to remove him from subsequent term for said conduct during the previous term. It seems to be the policy of our Constitution to make each term independent of the other, and to disassociate the conduct under one term from the qualification or right to fill another term; at least. so far as the same may apply to impeachment proceedings, and as distinguished from the right to in·lict and convict an offending official. In other words if this respondent had been impeached and removed from his first term, that fact could not affect his right to hold the subsequent term to which he was elected in 1910, and as he was re-elected in 1910, this fact alone forecloses the state from impeaching and removing him from the second term for acts done during the previous term. We therefore sustain the motion of respondent to strike from the information all grounds of impeachment based upon his conduct during the previous term of office."

The principle of law announced in the Alabama case is adhered to in the case of Thurston v. Clark, 107 Cal. 285, 40 Pac. 435; State ex rel. Tyrell v. Jersey City, 25 N. J. L. 536; Conant v. Grogan, 6 N. Y. Rep. 322. In the last case the court said:

"The court should never remove a public officer for acts done prior to his present term of office. To do otherwise would be to deprive the people of their right to elect their officers. When the people have elected a man to office it must be assumed .that they did this with knowledge of his life and character, and that they disregarded or forgave his faults or misconduct, if he had been guilty of any. It is not for the court, by reason of such faults or misconduct, to practically overrule the will of the people."

It is observed in the case now before the court that the accusation was presented and determined in the trial court prior to the re-election of the defendant and his re-election by the people of Creek county was with full knowledge of the charges filed in this cause. Other cases in which the rule is announced are the cases of Carlisle v. Burke, 144 N. Y. Supp. 163: Gordon v. State, 43 Tex. 330;

State ex rel. Gill v. Watertown, 9 Wis. 254. Many additional authorities could be cited, but we deem it unnecessary to extend this list, as the authorities seem to be in one accord where similar statutes are involved.

Plaintiff in error in response to the motion to dismiss the appeal cites the case of Territory v. Sanches, 14 N. M. 493, 94 Pac. 954, wherein it is held a sheriff is removable from office for "official misdemeanor" committed by him while holding the same office in a preceding term, there being no intervening term, but it is not therein disclosed what judgment may by statute be rendered upon finding of guilt of such officer. In that case the Supreme Court of New Mexico quotes with approval the case of State v. Welch, 109 Iowa, 21, 79 N. W. 369, in which the Supreme Court of Iowa said:

"This has been the uniform rule in impeachment trial, where, coupled with the removal from office, is the penalty of disqualification to hold any office of honor, trust or profit under the state."

The law in this state does not contain a provision for disqualification to hold any office of trust or profit in this state coupled with the removal from office, and for this reason the cases of Territory v. Sanches, supra, and State v. Welch, supra, cannot be said to be an authority supporting plaintiff's contention. There are a number of cases that seem to support the rule announced in the New Mexico and Iowa cases above cited, but in many of which upon examination it is found that the acts complained of, although occurring during the previous term, have been carried over into the subsequent term of office, and in some instances the accusation embraced charges in both terms of office; others are based upon a statute carrying a disqualification extending beyond the term of office from which the officer is removed. Under the law in this jurisdiction, which provides no penalty other than the removal from office, the rule is that an officer may not be removed from office while serving his second or subsequent term for offenses committed during a previous term.

The plaintiff in error in its response admits the term of office of the defendant in which the alleged malfeasance occurred has expired and that on July 1, 1929, he entered upon his second term in said office of county treasurer. Under this condition, the question presented by this appeal has become moot, and this court in many cases has held that it will not decide cases from the determination of which no practical result can follow. The question presented by this appeal has become moot and the appeal is dismissed.