## BOARD OF COM'RS OF KINGFISHER COUNTY v. SHUTLER.

No. 19257. Opinion Filed Oct. 8, 1929.

Harry C. Brownlee, for plaintiff in error.
R. F. Shutler, for defendant in error.

DIFFENDAFFER, C. This is an action commenced by the board of county commissioners of Kingfisher county to remove R. F. Shutler, county attorney, from office.

The accusation was filed October 21, 1927, containing 24 separate counts. The trial court quashed count No. 1 and sustained demurrers to 10 other counts. Objections to the introduction of evidence as to certain other counts was sustained, and, as to still other counts, no evidence was introduced by plaintiff. However, as to counts Nos. 2 and 6, trial was had to a jury November 16, 1927, resulting in a verdict for defendant. After unsuccessful motion for new trial, plaintiff brings this appeal.

The petition in error contains 36 assignments of error. But in view of the holding of this court in State v. Blake, 139 Okla. 241, 280 Pac. 833, we are sure of the opinion that there is nothing now before this court for review. In State v. Blake, supra, it was held:

"Under section 2405, C. O. S. 1921, the only judgment a court can render on an officer being convicted of malfeasance or misfeasance in office is removal from office and an officer cannot be removed from office under said section for acts committed by him while holding the same office in a previous term."

"This court will not decide a case wherein the question presented for review has become moot and from which no practical result can follow."

That was a case wherein the defendant was re-elected to the office of county treasurer, after the trial court had quashed the accusations against him. A motion was filed in this court to dismiss the appeal for the reason that the question therein involved had become moot.

In the instant case, it does not appear whether or not the defendant, Shutler, was re-elected to the office of county attorney at the general election held in November, 1928. Neither is there a motion filed by either party to dismiss the appeal. However, from the holding in the case of State v. Blake, supra, the defendant in error could not now be retried, if he had been re-elected to the office of county attorney, for any act alleged to have been committed during the former term of office. However, if he was not re-elected, he could not now be removed from office, because the people have already done that for which the proceedings were

in the first instance begun. So that it would appear that, in either event, the questions involved in this action have become moot.

Though neither party has presented a motion to dismiss the appeal, this court will take judicial notice of the law fixing the terms of office of the several county officers. We know that the term of office of defendant in error, as county attorney of Kingfisher county, expired by operation of law on the first Monday in January, 1929. The questions presented by this appeal have clearly become moot. This court in many cases has held that it will not consider cases from the termination of which no practical result can follow.

No practical result could follow a reversal of this case, for the reason that the defendant in error could not now be removed from office for any omission or act committed by him during his former term of office.

The appeal should be dismissed.

BENNETT, HERR, HALL, and JEFFREY, Commissioners, concur.

By the Court: It is so ordered.

Note.—See under (2) anno. 50 L. R. A. (N. S.) 553; 17 A. L. R. 279; 22 R. C. L. p. 570; 4 R. C. L. Supp. p. 1471. (3) 2 R. C. L. p. 169; R. C. L. Perm. Supp. 357. See "Appeal and Error," 4 C. J. §2383, p. 575, n. 80. "Evidence," 23 C. J. §1947, p. 129, n. 96. "Offcers," 46 C. J. §149, p. 986, n. 1.