[Civil No. 2887. Filed November 4, 1929.]

[281 Pac. 947.]

J. E. CANNON, Appellant, v. TOWN OF TEMPE, a Municipal Corporation, Appellee.

Mr. John W. Corbin, for Appellant.

Messrs. Stockton & Perry, for Appellee.

LOCKWOOD, C. J.—J. E. Cannon, hereinafter called plaintiff, brought suit against Town of Tempe, a municipal corporation, hereinafter called defendant, under article 12, chapter 93, Revised Statutes of Arizona of 1928, commonly known as the Declaratory Judgment Act. A demurrer to the complaint was filed by defendant, which was by the trial court sustained, and, plaintiff electing to stand upon his complaint, judgment was rendered against him, and he has brought the matter before us for review.

The action was brought to test the validity of an ordinance of the Town of Tempe which, it is claimed, will impose an illegal burden upon the property of

plaintiff. The alleged illegality set up in the complaint may be briefly described as follows: In 1924 the common council of the Town of Tempe passed the following resolution:

"Motion by Councilman Joyce was seconded by Councilman Busby and carried unanimously, all members present voting thereon, that the members of the Common Council of the said Town of Tempe be paid for their services the sum of $5.00 each per meeting, same not to exceed 18 meetings per year and to begin with the present meeting."

Payment in accordance with the foregoing resolution was made to all councilmen of the town until September, 1927, when suit was brought by J. W. Terrell, a taxpayer of the town, against various defendants, among them being the then members of the council and three other defendants who had previously served thereon, praying that the resolution be declared illegal and that all councilmen who had drawn payments thereunder be required to account to the town therefor and repay to it whatever moneys they had received. The case finally reached this court, and we held the resolution to be illegal and directed judgment be entered against the defendants in the suit in accordance with the principles of law expressed in our opinion. Thereafter the superior court of Maricopa county, in conformity with said opinion, entered a judgment that the individual defendants who had received money by virtue of the resolution repay to the Town of Tempe various sums which the court found they had received thereunder. Nowhere in the complaint, however, does it appear whether the illegal payments found by the court were received by the defendants before or after May, 1928. Among these defendants were Hugh E. Laird, T. A. Bailey and Dilworth Baird. They had served as councilmen at some time between the adoption of the resolution in 1924 and September, 1927,

and were re-elected as such councilmen in May, 1928, together with S. J. Carter, R. J. Hight, J. B. Flumerfelt and J. L. Felton, seven members under the law composing the council of the Town of Tempe. Felton, however, never qualified as councilman after the election in 1928, nor does it appear anyone was thereafter chosen to fill his place. Final judgment was rendered in said suit in the superior court on June 3d, 1929. Thereafter and on August 13th, 1929, the then acting council of Tempe, including Laird, Bailey and Baird, all six members being present, adopted the ordinance whose validity is questioned.

The particular objection made to the ordinance is that under the provisions of paragraph 1889, Revised Statutes of Arizona of 1913 (Civil Code), and the record in the suit hereinbefore referred to, Laird, Bailey and Baird were neither *de jure* nor *de facto* councilmen on August 13th, 1929, and since, under paragraph 1829, Revised Statutes of Arizona of 1913 (Civil Code), four councilmen were required to constitute a quorum to transact business, no ordinance could be legally passed until at least one other councilman was elected or appointed and qualified. Paragraph 1889, Revised Statutes of Arizona of 1913, reads as follows:

"1889. No alderman or councilman of any town, organized hereunder, shall, *during the term for which he shall have been or shall be elected,* accept, take or receive to his own use, from the town of which he shall be an alderman or councilman, any sum of money or other thing of value, other than that which is, by this chapter provided to be paid to such alderman or councilman, for his services as such alderman or councilman; and every person who shall violate the provisions of this section, shall be deemed guilty of a misdemeanor and upon conviction thereof, in any court of competent jurisdiction, shall be fined not less than one hundred dollars, nor more than three hundred dollars, such fine to go to the school fund of the county in which such town shall be lo-

cated; *and he shall also cease to be an alderman or councilman, as the case may be, of such town."*

The position of plaintiff briefly stated is as follows: Seven councilmen were elected in May, 1928. One never qualified, nor was any successor chosen to fill the vacancy, leaving but six qualified members of the council. On June 3d, 1929, it was judicially determined that Laird, Bailey and Baird did receive money from the Town of Tempe in violation of paragraph 1889, *supra,* and, therefore, following the language of such paragraph, immediately upon such judicial determination they ceased to be councilmen, their offices were vacant, and they were neither *de jure* nor *de facto* officers, since the judgment of the court itself operated as an ouster. If so, there were only three councilmen either *de jure* or *de facto,* and no business could be done nor ordinance adopted until at least enough of the vacancies were filled so that there would be a quorum to act. Defendant claims on the other hand that before the clause in question could take effect the delinquent councilmen must first have been convicted of a misdemeanor as provided in paragraph 1889, *supra,* and, in effect, that an ouster could come only as a part of the penalty annexed to such conviction. It further insists that, even if they were no longer councilmen *de jure,* they were such *de facto,* and their acts were valid so far as third parties are concerned.

The question as presented by the litigants is an interesting one, but we think it unnecessary to determine it in this case. It is unquestionably the law that, when an office is forfeited for misconduct, such misconduct and forfeiture does not prevent the appointing or electing power from a re-appointment or re-election of the offender, unless the particular misconduct by the express terms of law makes him ineligible for the office. *State ex rel. Hill* v. *Henschel,*

103 Kan. 511, 175 Pac. 393. No such ineligibility is set forth in the statute.

The complaint shows the adoption of the illegal resolution in 1924, the suit to recover started in September, 1927, and a re-election of the offending officers in May, 1928. Nowhere therein does it appear that any money was received by them under the resolution *after* their re-election. The ordinary presumption would be that such money was received before the filing of the suit in 1927. If such were not the case it should have been so pleaded. It not appearing from the complaint that the offending councilmen had violated the provisions of paragraph 1889, *supra, after* their election in May, 1928, under which election they claimed title to their offices on August 13, 1929, the court properly sustained the demurrer to the complaint.

Judgment is affirmed.

McALISTER and ROSS, JJ., concur.