The STATE of Oklahoma, Plaintiff in Error,

v.

Claude W. BAILEY, Defendant in Error.

No. 37173.

Supreme Court of Oklahoma.

Dec. 26, 1956.

J. Howard Edmondson, County Atty., Tulsa County, Donald D. Cameron, Asst. County Atty., Tulsa County, Tulsa, for plaintiff in error.

Frank Hickman, Tulsa, for defendant in error.

DAVISON, Justice.

This is an action, founded upon an accusation returned by a grand jury, wherein it is sought to remove the defendant, Claude W. Bailey, from his public office of County Commissioner of Tulsa County, Oklahoma. The parties will be referred to as "defendant" and as "State" as they appeared in the trial court.

The accusation was returned and filed on November 29, 1955, charging the defendant with alleged acts of malfeasance in office during his prior term of office as such county commissioner immediately preceding his current term of office which commenced on January 3, 1955, and to which he had been elected in 1954. The case comes here on appeal from an order of the district court sustaining a demurrer to, and dismissing, the accusation. The correctness of that judgment hinges upon

the interpretation and validity of an act of the legislature, 22 O.S.1955 Supp. §§ 1181.1 & 2 which became effective on May 19, 1955, as follows:

"All elective officers in the State of Oklahoma, including elective officers of the State and elective officers in each County, City, Town or School District of the State of Oklahoma, but excluding any elective officers liable to impeachment, shall be subject to removal from office in such manner and for such causes as now provided by law, or as may be provided by law passed subsequent to this Act, and any such officer or officers may be removed or ousted from office for any act or acts of commission or omission or neglect which may be committed, done or omitted during the term in which such ouster or removal proceedings may be filed, and any such officer or officers, may be removed or ousted from office for any act or acts of commission, omission or neglect committed, done or omitted during a previous or preceding term in such office.

"The complaint, petition, accusation or proceeding for removal or ouster from office may include allegations or charges of any act or acts of commission, omission or neglect which may be committed, done or omitted during the term of office in which such ouster or removal proceeding may be filed, and may also include allegations or charges as to any act or acts of commission, omission or neglect committed, done or omitted during a previous or preceding term in such office."

It was and is the position of defendant, concurred in and sustained by the trial court, that the above quoted statutes had no retrospective application and, if they did, they were ex post facto and in violation of Art. II, sec. 15 of the Oklahoma Constitution and of Art. I, sec. 10 of the United States Constitution. The position of the State is that "an entirely new right of action was created by the enactment of H.B. 1012, Title 25, Ch. 23, p. 200, S. L. of Oklahoma 1955, 22 O.S.1955 Supp. § 1181.1, supra, and the efficiency of that right of action is in no manner limited by the judicial construction of earlier statutes on the same subject matter." Other propositions are stated and argued but they merely spring from the quoted contention. It is our conclusion that the position of the State is not tenable.

This court held, in the case of Board of Com'rs of Kingfisher County v. Shutler, 139 Okl. 52, 281 P. 222, and the earlier case of State v. Blake, 138 Okl. 241, 280 P. 833, therein followed, that, prior to the enactment of sec. 1181.1 supra, "an officer cannot be removed from office under said section [22 O.S.1941 § 1192] for acts committed by him while holding the same office in a previous term." It is argued by the State that "there is no change in the law as far as the *cause* of action is concerned. H.B. 1012 simply creates a new *right* of action where none previously existed with respect to certain *causes* of action."

We need not include, herein, an academic discussion of the reasons for, and distinction between, the rule in some states that the cause of action may exist, although the remedy does not. Chandler v. Horne, 23 Ohio App. 1, 154 N.E. 748, 750, and the rule in others that "It is not possible for one at the same time to have a cause of action and not to have the right to sue." Walters v. City of Ottawa, 240 Ill. 259, 263, 88 N.E. 651, 653.

In the case of Wilson v. Wilson, Sup., 45 N.Y.S.2d 733, 735, the generally accepted rules of law, applicable to the situation now before us, were quoted from the earlier case of Jacobus v. Colgate, 217 N.Y. 235, 111 N.E. 837, Ann.Cas.1917E, 369, as follows:

" 'The general rule is that statutes are to be construed as prospective only. * * * It takes a clear expression of the legislative purpose to justify a retroactive application. * * Changes of procedure—i. e., of the form of remedies—are said to consti-

tute an exception * * * but that exception does not reach a case where before the statute there was no remedy whatever. * * * To supply a remedy where previously there was none of any kind is to create a right of action.'"

Since shortly after statehood this court has followed rules of law, first adopted in the case of Good v. Keel, 29 Okl. 325, 116 P. 777, and therein stated as follows:

"It is a rule of statutory construction that all statutes are to be construed as having a prospective operation unless the purposes and intention of the Legislature to give them a retrospective effect is expressly declared, or is necessarily implied from the language used. 36 Cyc. 1205. In every case of doubt the doubt must be resolved against the retrospective effect."

A reaffirmation of those rules is contained in the case of State ex rel. Allen v. Board of Education, 206 Okl. 699, 246 P.2d 368, and in numerous intervening cases.

More recently, the case of Phillips v. H. A. Marr Grocery Co., Okl., 295 P.2d 765, 768, dealt with the same proposition and with contentions similar to those herein urged. The following language was used in the opinion in that case,

"We do not agree that the statute in question is purely procedural but on the contrary it deals with substantive rights. It confers the right upon the injured employees to obtain relief from the State Industrial Commission of this State for injuries sustained in another State, a right which they did not have prior to the effective date of said Act."

■ To give the statutes here being considered, the interpretation contended for by the State would admittedly have the effect of conferring upon the state a right of action against the defendant, a right which it did not have prior to the effective date of the act. As was said in Swatek Construction Co. v. Williams, 177 Okl. 305, 58 P.2d 585, 587, "This would

be to give the amendment a retrospective construction." Nothing in the act indicates that such was the intent of the Legislature.

It is not intended, by this opinion to infer that, if the controversial statutes were retroactive in effect, they would be constitutional. Having reached the conclusion we have, there is no reason to consider the constitutional question and we express no opinion thereon.

The judgment is affirmed.