**In the Matter of JAMES H., Jr., a child under eighteen (18) years of age.**

**D. S., formerly H., Appellant,**

**v.**

**J. H., Appellee.**

**No. 50824.**

Court of Appeals of Oklahoma, Division No. 2.

May 23, 1978.

Released for Publication by Order of Court of Appeals June 15, 1978.

Steven A. Novick, James H. Hiatt, Stan L. Foster, Legal Aid of Western Oklahoma, Inc., Oklahoma City, for appellant.

George W. Gay, Oklahoma City, for appellee.

NEPTUNE, Presiding Judge.

This appeal challenges the correctness of an order terminating the parental rights of the natural mother based upon the finding of abandonment, the complaint being that the evidence is insufficient to sustain the finding.

The father's verified application was bottomed on the provision of 10 O.S.1976 Supp. § 1130(A)(2) authorizing termination of parental rights in event of a "finding that a parent who is entitled to custody of the child has abandoned it for one (1) year." The trial court found that "there have been several one-year periods of abandonment between December of 1970 and July or August of 1976, any one of which would sustain the termination of parental rights." The trial court further found that the mother's actions "showed an intent to abandon the child."

The record shows that the child involved was born March 22, 1969. The parents sometime thereafter separated, and on December 12, 1970, the mother asked the father to take actual custody of the child, which he did. The evidence is in conflict as to what motivated the request. The mother testified it was because of her illness, but the father's evidence indicates that it was because the mother was going to Kentucky to work as a go-go girl and therefore could not look after the child.

The intended permanency of the custody was also in evidentiary conflict. When the mother later brought suit for divorce in Oklahoma County, she did not ask for custody of the child. She testified that she did not mention the child in her petition. On the basis of a cross-petition filed by the

father, the divorce decree rendered in July 1972 granted the father custody of the child subject to reasonable visitation of the mother. It is not disputed that at trial date in February 1977 the mother had not seen the child since December of 1970. Though she was in contact with several of the father's relatives, she did not either orally or in writing communicate with the child or the father during this period of time. She testified, however, that she was constantly attempting to locate her former husband and the child. Except for a period of about six months while he was in Texas, the father lived in Oklahoma County. Most of that time he had a telephone listing in Choctaw, an Oklahoma County community included in the Oklahoma City telephone directory. Other facets of the evidence not detailed here do no more than bear out the conflict in the evidence on the issue of an intentional abandonment.

Preliminarily, we must give consideration to the meaning of the statutory term "abandonment" which served as the basis for the trial court's judgment. Abandonment is not defined in the juvenile code. Generally, the term indicates the giving up of some thing or a right absolutely. In the dictionaries, in the contexts dealing with children, the meaning is somewhat different than that given in the generic definitions. Included in Black's Law Dictionary (4th ed. rev. 1971) are the following:

"Desertion or willful forsaking. *Cannon v. State,* 53 Ga.App. 264, 185 S.E. 364, 366.

"Foregoing parental duties. *Wright v. Fitzgibbons,* 198 Miss. 471, 21 So.2d 709, 710.

"Withdrawal or neglect of parental duties. *In re Potter,* 85 Wash. 617, 149 P. 23.

"Relinquishment of parental claims. *Glendinning v. McComas,* 188 Ga. 345, 3 S.E.2d 562, 563.

. . . . .

"Separation from the child and failure to supply its needs. *State v. Clark,* 148 Minn. 389, 182 N.W. 452, 453."

 The Oklahoma Court of Criminal Appeals holds that to constitute the offense of abandonment there must be a failure and neglect or refusal to provide for a child, and such refusal must be willful or negligent, and not a mere failure on account of inability; but a willful failure or neglect to adequately provide is sufficient and a complete failure or total abandonment is not required. *Rowden v. State,* Okl.Cr., 397 P.2d 515 (1965). Because of the very serious nature of the right of a parent to the custody of his child, we think the term "abandonment" as used in the juvenile code also should be deemed to require a willful failure or neglect and not a mere failure because of inability. We think also sound the idea that complete failure or total abandonment should not be required for a finding of abandonment under the juvenile code.

 The nature of the rights here assertedly abandoned are those stemming from appellant-mother's status as the natural mother and recognition by the divorce court decree that she was entitled to rights of reasonable visitation with the child. Though she has not been the parent in custody since the divorce, she is within the reference of subsection (A)(2) of 10 O.S. 1976 Supp. § 1130, as a "parent who is entitled to custody." In *In re Boyer,* Okl., 490 P.2d 1076 (1971), the court said:

"The entitlement there spoken of refers, in a general way, to the initial and inherent right which, by nature, as well as historically and legally, a natural parent has always had to the custody of his or her children. In this connection, see *Bishop v. Benear,* 132 Okl. 116, 270 P. 569, 1st syl. One 'who is entitled' to such custody, as the parent there described, means a parent who has not forfeited that right or lost it by a court order terminating it, under one of the Law's provisions preceding Section 1130, or any other law providing for the permanent dissolution of such right."

We think that reasonable visitation rights are susceptible of abandonment as a premise for terminating parental rights. The issue of abandonment is a question of fact.

We have not found Oklahoma authority which sets out specifically the standards for

review to test the sufficiency of the evidence to support a judgment in which parental rights have been terminated because of a finding of abandonment under 10 O.S. 1976 Supp. § 1130(A)(2).

In reviewing a judgment rendered in a termination proceeding after an adjudication that the child was dependent and neglected, the supreme court has applied the rule that the judgment of the trial court will not be disturbed unless it is clearly against the weight of the evidence or contrary to law. *In re J.L.,* Okl. (49 O.B.A.J. 482). The same rule is used to review judgments in proceedings to determine the permanent custody of children. *In re Harris,* Okl., 434 P.2d 477 (1966). We think the rule should obtain also in the instant matter.

Using the rules and premises above mentioned, the record evidence in support of the father's petition is convincing while the mother's evidence to refute abandonment is unconvincing. The judgment is not clearly against the weight of the evidence.

Affirmed.

BACON and BRIGHTMIRE, JJ., concur.