In the Matter of Suzanne McNEELY, an alleged deprived child.

Daniel C. McNEELY, Plaintiff-Appellant,

v.

Angeline R. DELMER, formerly McNeely, Defendant-Appellee.

No. 59829.

Supreme Court of Oklahoma.

March 17, 1987.

Thomas A. Williams, Oklahoma City, for plaintiff-appellant.

Don Cooke, Messrs. Miskovsky & Cooke, Oklahoma City, for defendant-appellee.

OPALA, Justice.

In *Davis v. Davis* [1] we held 10 O.S. 1981 § 1130 [2] to be a public-law/state-action statute whose grounds are invocable *only* by the state. The question here is whether the subsequent amendment of that statute, 10 O.S.Supp.1986 § 1130(D), which allows a private termination suit to be brought upon § 1130 grounds, may be applied retroactively to validate the father's claim to severance of maternal ties in this case. We answer in the negative and reverse the trial court's order that declared the parties' child to stand in a "deprived" status and terminated the mother's bond.

---

1. Okl., 708 P.2d 1102 [1985].

2. See Part II of this opinion for the text of 10 O.S.1981 § 1130(A)(2) and footnote 3 *infra* for 10 O.S.1981 § 1130(A)(4).

Custody of the minor daughter in contest was reposed in the mother when the parties were divorced in 1971. Because she could not financially care for the child, she relinquished custody a year later and had it formally transferred to the father. In 1982 the father, an Oklahoma resident, sought to secure termination of the maternal bond on grounds then provided in 10 O.S.1981 § 1130(A)(2) and (4)[3]—abandonment and failure to contribute to the daughter's support. During the critical 11-year period when the daughter lived with her father she visited her mother, a Michigan resident, only twice. The mother, whose contacts with her child were infrequent, made no support contributions.

The trial court decreed that (a) the mother had no obligation to support the child and, (b) because she had failed to cultivate an adequate parent-child relationship during the time her daughter lived with the father, the maternal bond was effectively destroyed, (c) the child stood in a deprived status and (d) the mother's bond was terminable on the ground of her "abandonment." The Court of Appeals affirmed and the mother now seeks review by certiorari.

**3.** Section 1130 was last amended in 1986 (Okl. Sess.L.1986, Ch. 243, § 1). The provisions quoted below were not changed by this amendment. See also, footnote 6 *infra*.

The terms of 10 O.S.1981 § 1130(A)(4) provided:
"A. * * * [A] court may terminate the rights of a parent to a child in the following situations:
  *   *   *   *   *   *
 4. A finding that a parent who does not have custody of the child has willfully failed to contribute to the support of the child as provided in a decree of divorce or in some other court order during the preceding year or, in the absence of such order, consistent with the parent's means and earning capacity; or"

**4.** *Special Indemnity Fund v. Reynolds,* 199 Okl. 570, 188 P.2d 841, 842 [1948] and *McCracken v. City of Lawton,* Okl., 648 P.2d 18, 21 [1982].

**5.** See footnote 1 *supra* at 1108.

**6.** The legislature amended § 1130 in 1986 with an emergency clause so that it became effective immediately upon approval by the Governor. See Art. 5 § 58, Okl.Const. [Okl.Sess.L.1986, Ch. 243 § 1, emerg. eff. June 12, 1986].

The only change effected by the amendment in § 1130 was the addition of subsection (D), which provides:

**I**

## THE 1986 AMENDMENT IN 10 O.S. SUPP.1986 § 1130(D) (OKL.SESS.L. 1986, CH. 243 § 1) MAY NOT BE APPLIED RETROACTIVELY TO VALIDATE TERMINATION DECREES IN PRIVATE INTERPARENTAL CONTESTS WHICH HAD BEEN BROUGHT ON § 1130 GROUNDS AND WERE AWAITING APPELLATE REVIEW ON THE EFFECTIVE DATE OF THE AMENDMENT.

■ The dispositive issue here—one of public law—was neither raised nor briefed by the parties. When public-law issues are present this court may, on review, resolve them by application of legal theories that were not tendered below.[4]

■ Before us is an interparental contest brought under an enactment, held in *Davis*[5] to be a "state-action" statute, which does not afford a basis for a private interparental contest. Although a post-*Davis* amendment of § 1130[6] conferred on private litigants the right to base termination claims on that section, that amendment was held in *Griffith v. Griffith*[7] to

> "A parent or guardian of a child may petition the court to terminate the parental rights of a parent or the parents of a child for any of the grounds listed in paragraphs 1 through 5 of this section. A prior finding by a court that a child is delinquent, deprived or in need of supervision shall not be required for the filing of such petition by the parent or guardian."

**7.** Okl., 730 P.2d 524 [1986].

A statute enacted as an emergency measure becomes effective immediately upon its approval by the Governor or upon its enactment over his veto. Art. 5 § 58, Okl. Const., and *Jones v. Winters,* Okl., 365 P.2d 357, 362–364 [1961]. All statutes are construed as having prospective operation unless the legislature clearly intended otherwise. If there is any doubt, it must be resolved against the retroactive effect. *Hammons v. Muskogee Medical Center Authority,* Okl., 697 P.2d 539, 542 [1985]; *Trinity Broadcasting Corp. v. Leeco Oil Co.,* 692 P.2d 1364, 1366 [1985]; *State v. Bailey,* Okl., 305 P.2d 548, 549–550 [1956] and *Good v. Keel,* 29 Okl. 325, 116 P. 777 [1911].

be only prospective. It may not be applied to benefit the father in this case. In *Griffith,* a termination case that was pending on appeal at the time of our pronouncement in *Davis, Davis* was given retroactive effect.[8] *Griffith* controls our disposition of this case.

Since the father's quest for termination of the mother's legal status vis-a-vis her child was waged within the framework of a *private* interparental contest, none of the grounds provided in the then-effective § 1130 was invocable as a basis for maternal bond's severance. In short, the father had no standing to seek termination, and the trial court erred when it permitted him to assert a claim for extinguishment of the mother's rights on either of the two grounds prescribed in the then-effective version of § 1130(A)(2) and (4).

## II

### THE PARAMETERS OF "ABANDONMENT" AS A § 1130(A)(2) GROUND FOR SEVERANCE OF A NONCUSTODIAL PARENT'S BOND

There is another reason why the trial court's termination decree cannot stand. It rests on the mother's "abandonment" of her child—a ground prescribed in § 1130(A)(2). The cited enactment's version in effect when the cause was under consideration below provided:

"A. * * * [A] court may terminate the rights of a parent to a child in the following situations:

\*  \*  \*  \*  \*  \*

2. A finding that a parent *who is entitled to custody* of the child has *abandoned* it; or" [Emphasis added.]

■ We are persuaded by the plain language of § 1130(A)(2) and hence hold that a parent *like this mother,* who has not failed to discharge any court-imposed obligation or some well-defined legal duty and *who bore no custodial responsibility,* does not come within the purview of "abandonment" as a statutory ground for parental bond's severance. To the extent that *Matter of James H.*[9] is inconsistent with today's holding, its teaching is disapproved and withdrawn.

Certiorari granted; the Court of Appeals' opinion is vacated and the trial court's termination decree is reversed.

HARGRAVE, V.C.J., and LAVENDER, SIMMS and SUMMERS, JJ., concur.

WILSON, J., concurs in result.

KAUGER, J., dissents in part and concurs in part.

DOOLIN, C.J., and HODGES, J., dissent.

KAUGER, Justice, dissenting in part and concurring in part:

I dissent to section I of the opinion for the reasons expressed in my dissents in *Davis v. Davis,* 708 P.2d 1102, 1117–23 (Okla.1985) and *Griffith v. Griffith,* 730 P.2d 524 (Okla.1986) (57 OBJ 3077, December 20, 1986). I concur in section II.

---

8. As a general rule, a judicial decision which overrules a former decision is retroactive in operation. *Texas Co. v. Oklahoma Tax Commission,* Okl., 249 P.2d 985, 988 [1952]. Retroactive operation of an overruling decision is neither required nor prohibited by the United States Constitution. Judicial policy determines whether, and to what extent, a new case law rule will operate retroactively. *Griggs v. State ex rel.* *Dept. of Transp.,* Okl., 702 P.2d 1017, 1020 [1985]. The effect of our pronouncement in *Davis, supra* note 1, is that the former, overruled decision never was law. See *Texas Co. v. Oklahoma Tax Commission, supra* at 988.

9. Okl.App., 593 P.2d 1095 [1978].